## COMMONWEALTH *vs.* WILLIAM N. ALDEN.

Bristol. Oct. 26. — Nov. 26, 1886. DEVENS & W. ALLEN, JJ., absent.

A notice issued, under the Pub. Sts. *c.* 80, § 21, by the board of health of a town to the occupant of certain premises, ordering him to remove a nuisance existing thereon, may be served by a constable, although he is a member of the board of health, and signs the notice.

A notice issued, under the Pub. Sts. *c.* 80, § 21, by the board of health of a town to the occupant of certain premises, reciting that a nuisance, "consisting of a filthy hog-pen and stable," exists thereon, and ordering him "to abate the said nuisance on your estate, and also to remove your hogs outside the limits of the village, within forty-eight hours from the service hereof," is valid as an order to abate the nuisance, and is not rendered void by the direction to remove the hogs.

It is not necessary that a complaint to recover the forfeiture provided by the Pub. Sts. *c.* 80, § 21, for permitting a nuisance to remain on premises after the time

prescribed by the board of health of the town for its removal, should be made
by the town treasurer, but it may be made by an agent of the board of health,
appointed under the Pub. Sts. c. 80, § 16.

An omission in a complaint, under the Pub. Sts. c. 80, § 21, for permitting a nui-
sance to remain on premises after the time prescribed by the board of health of
the town for its removal, to allege that the complainant is an agent of the board
of health, he being in fact such agent, is at most a formal defect, which can be
availed of only by a motion to quash.

COMPLAINT dated September 11, 1885, on the Pub. Sts. c. 80,
§ 21, by Phineas W. Reccord, alleging that the defendant, at
Fairhaven, on August 24, 1885, was duly served, personally, by
one of the constables of Fairhaven, duly and legally authorized
to serve the same, with an order in writing issued by the board
of health of Fairhaven, directing the defendant at his own ex-
pense, within forty-eight hours from the date of the service of
said order on him, to remove a certain nuisance, source of filth,
and cause of sickness on his premises in said Fairhaven; and
that the defendant neglected to remove said nuisance, source of
filth, and cause of sickness as directed by said order, and know-
ingly permitted such nuisance, source of filth, and cause of sick-
ness to remain on said premises for the space of five days after
the time prescribed for the removal thereof.

Trial in the Superior Court, before *Barker*, J., who allowed a
bill of exceptions, in substance as follows :

The government offered evidence to prove that a board of
health, consisting of Charles H. Pease, John M. Hathaway, and
Phineas W. Reccord, was elected at the annual town meeting
of the town of Fairhaven, held in March, 1885. It also ap-
peared that, at this meeting, Eben Akin, Jr., was elected town
clerk and treasurer, and said Reccord was elected a constable.
Reccord qualified as constable, and gave bond in accordance
with the Pub. Sts. c. 27, § 113, on April 4, 1885. In March,
1885, said Pease, Hathaway, and Reccord organized as a board
of health for the town of Fairhaven, and chose Pease as chair-
man, and Reccord as secretary. The government offered in
evidence the records of said board of health of August 24,
1885, to prove the existence of the alleged nuisance, and con-
tended that the adjudication of the board was conclusive in
this proceeding; but, upon objection by the defendant, the
judge ruled that the record was competent for the purpose of

showing what steps and proceedings were had, but was not conclusive evidence in this case of the fact of the existence of a nuisance, or that it was caused by the defendant, and that it was incumbent upon the government to prove the actual existence of such nuisance, and a failure to remove the same after notice. The government then offered to prove by Reccord, that he, as a constable, served a notice in writing upon the defendant on August 24, 1885. To this the defendant objected, and contended that Reccord, being a member of the board of health, was not competent to serve said notice, on the ground of interest; but the objection was overruled, and the evidence admitted.

It appeared that said board was a salaried one (although the amount had not been fixed); and that Reccord, as constable, charged and collected the fees for the service of process. The notice, a copy of which is printed in the margin,* was offered in evidence, to which the defendant objected, on the ground that the notice was not authorized by the statute, because in it the board undertook to prescribe the method of abatement of the alleged nuisance; but the judge overruled the objection, and admitted the notice.

The government offered in evidence the record of the board of health to show the appointment of Reccord as agent of the board under the Pub. Sts. *c.* 80, § 16, on September 5, 1885. It appeared that the record of the board had been amended so as to show this fact, on the day of the trial of the cause, and after

---

* " Town of Fairhaven, Office of the Board of Health.

" Fairhaven, Aug. 24, 1885.

"To Mr. Wm. N. Alden:

" There is a nuisance on your premises Cor. of Middle and Washington street, consisting of a filthy hog-pen and stable, which in the opinion of this Board has become offensive to the neighborhood and injurious to the public health. You are hereby ordered at your own expense to abate the said nuisance on your estate and also to remove your hogs outside the limits of the village within forty-eight hours from the service hereof ; otherwise you will be proceeded against according to law.

" By order of the Board of Health,

" Chas. H. Pease,
J. M. Hathaway,
P. W. Reccord."

the trial had commenced. The secretary of the board stated, in answer to the court, that the amendment was in accordance with the facts, and was ordered to be made by the board at a meeting held that day. It further appeared, that John W. Nickerson, Jr., declined the appointment as such agent. There was no other evidence of the appointment of an agent, and no evidence that he reported to the board, and no evidence that the board ordered this complaint to be made. The defendant objected, that it was too late to make the amendment, that the board had no authority to appoint one of its own members such agent, and that there was no allegation in the complaint that the complainant was such agent; but the judge overruled the objections, and admitted the record as amended.

The defendant requested the judge to rule that the complaint could not be maintained, because the complainant had no authority to prosecute, inasmuch as the forfeiture enured to the use of the town under the Pub. Sts. c. 80, § 81; that, by the Pub. Sts. c. 27, § 106, the town treasurer was the person who should have been the complainant; that there was no proper service of the notice, for the reason that Reccord was incompetent to serve the same on the ground of interest; and that, under the Pub. Sts. c. 80, § 16, the board of health had no authority to appoint one of its own members an agent.

The judge refused so to rule, and ruled that the notice and the service of the same were sufficient.

The judge also gave instructions as to what constituted a nuisance, source of filth, and cause of sickness; and ruled that it was necessary for the government to prove, beyond a reasonable doubt, that there was a board of health in the town of Fairhaven, that a nuisance actually existed, that the board gave a notice in writing to the defendant, that the defendant was obliged to abate such nuisance, but was not confined to any one method of abatement, and that the defendant must have knowingly permitted such nuisance to remain after the time prescribed for its removal.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. A. Milliken*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. It is the duty of the board of health of a town to examine into all nuisances, sources of filth, and causes of sickness within its town, and it has authority to order the owner or occupant of any premises on which the same exists to remove it, after notice served upon such owner or occupant. The statute provides that such order shall be in writing, and may be "served by any person competent to serve a notice in a civil suit." Pub. Sts. *c.* 80, §§ 18–22. It is not necessary that the notice should be served by an officer, though he may properly serve it. Notices in civil suits may often be served by interested parties; but, in the case before us, the constable who served the notice was not an interested person, and his service is not vitiated because he was one of the board of health.

The defendant contends that the order and notice was void, because it directed him to remove his "hogs outside the limits of the village." It may be that the board of health would not have the power to limit the defendant to the removal of his hogs outside the limits of the village as the only mode of abating the nuisance. But it did not attempt to do this. The order and notice contains a sufficient direction to the defendant "to abate the said nuisance on your estate, . . . . within forty-eight hours from the service hereof." This is a good order, which the defendant refused to obey; and we do not think that it is rendered void by the addition of the further direction to remove the hogs. The defendant could have protected himself by abating the nuisance in any effective way.

The defendant further contends that the complaint cannot be maintained, because it should have been made by the town treasurer, and also because it does not allege that it is made by the complainant as agent of the board of health.

The statute expressly provides that "an agent appointed to make sanitary inspections may make complaint in cases of violation of any law, ordinance, or by-law relating to the public health in a city or town." Pub. Sts. *c.* 80, § 16. It was shown that Reccord, the complainant, was duly appointed as such agent, the right of the board of health to amend its records to make them conform to the truth being too clear to require any discussion. As such agent, he had the right to institute this complaint. While it is true, as a general rule, that the

record of an inferior court must show all the facts necessary to give it jurisdiction, yet we think that the omission to allege that Reccord was an agent of the board of health, he being in fact such agent, was at most a formal defect, which the defendant could only avail himself of by a motion to quash.   Pub. Sts. c. 214, § 25.                                    *Exceptions overruled.*