## COMMONWEALTH *vs.* PATRICK H. CARROLL.

Middlesex.   Nov. 22, 1887. — Jan. 2, 1888.   DEVENS & W. ALLEN, JJ.,
absent.

A complaint may be made by any one who is competent to make oath to it.

If a court has jurisdiction over offences committed within a certain city, a complaint to that court, which alleges the offence to have been committed at that city, sufficiently alleges the jurisdiction of the court.

Under the Pub. Sts. *c.* 112, § 206, the throwing of a missile at a car is a punishable offence, whether the car was in use at the time or not.

In a complaint for throwing a missile at a car, any defect in the description of the car, or defect in respect of the place where the car was at the time, is a defect in form, which cannot be availed of for the first time in the Superior Court on appeal.

Proof of a statute chartering a corporation under a particular name, and of other statutes authorizing the corporation to do particular acts, and the act of the railroad commissioners approving the consolidation of the corporation with another corporation, in pursuance of an authority conferred upon them by statute, will warrant a finding of the existence of the corporation, and of its ownership of property which it employs in exercising its franchise.

The existence of a corporation, not organized under the Pub. Sts. *c.* 106, and which has not availed itself of the provisions of § 22, may be proved, without producing the certificate of the Secretary of the Commonwealth mentioned in that section.

If a car is described in a complaint as the property of a certain street railway company, a witness may properly testify what words and marks were on the car, and another witness may testify that a car with those marks on it belonged to the company mentioned in the complaint.

At the trial of a complaint, under the Pub. Sts. *c.* 112, § 206, for throwing a stone at a car, the judge is not required to give to the jury a definition of the word "stone."

COMPLAINT, under the Pub. Sts. *c.* 112, § 206, by William F. Batchelder, to the Justice of the Third District Court of Eastern Middlesex, alleging that the defendant, on February 20, 1887, at Cambridge, "wilfully did throw a certain missile, to wit, a stone, at a certain street railway car of the property of the Cambridge Railroad Company, a corporation duly established by law."

In the Superior Court, on appeal, before the jury were empanelled, the defendant moved to quash the complaint, for the following reasons: 1. The complaint is not made by any competent and proper person or authority. 2. There is no averment, and nothing to show, that the alleged offence was

within the jurisdiction of the lower court. 3. There is no proper and fit description of the railway car. 4. There is no proper and sufficient description of the place where the said car was, or in what street it was, or that it was in any public place whatever. *Barker*, J., overruled the motion.

The defendant was then tried, and found guilty; and a bill of exceptions, in substance as follows, was allowed.

The testimony tended to show that on Sunday, February 20, 1887, between four and five P. M., a certain horse-car was passing in and along Webster Avenue, at the junction of Windsor Street, in Cambridge, going towards Somerville, and that a stone was thrown from the sidewalk towards the car by some one, the stone not hitting the car, unless possibly by a rebound.

The government offered three witnesses, who testified that the defendant was the person who threw it. The defendant then testified that he threw no stone, and presented five witnesses, who were with him all the time, and who testified that he threw nothing. No stone or other missile was produced at the trial. Neither of the government witnesses undertook to describe the thing alleged to have been thrown, otherwise than as a stone, and about the size of a goose's egg, and dark.

The government offered in evidence the St. of 1853, c. 383, incorporating the Cambridge Railroad Company, the St. of 1872, c. 17, authorizing said company to increase its capital stock, the St. of 1883, c. 37, authorizing said company to issue mortgage bonds, and the St. of 1886, c. 229, allowing, with the approval of the railroad commissioners, any of the street railway companies authorized to run cars in the city of Boston to consolidate with any other street railway corporation. The government also offered in evidence an alleged agreement of consolidation between the Cambridge Railroad Company and another street railway company, dated in September, 1886, and having at the bottom the assent thereto of the railroad commissioners. The government produced no further evidence of the incorporation of the Cambridge Railroad Company.

The government asked one of its witnesses, "What, if anything, was painted on the car?" The defendant objected to the question, but the judge admitted it. The witness answered

that he knew that the words "Webster Avenue and Park Square" were on it. Another government witness was asked the same question, under objection, and he replied that the words "Cambridge Railroad Company" were painted on the car; also, "No. 13."

The superintendent of the road testified that the car numbered 13, with the words painted outside, "Cambridge Railroad Company," was the property of the Cambridge Railroad Company.

The defendant asked the judge to instruct the jury as follows: "1. The burden is upon the government to prove that the Cambridge Railroad Company was at the time of the alleged offence a duly incorporated company, and that that was its correct name; and that this car belonged to that corporation, and was then and there its property and in its possession, custody, control, and use. 2. There has been no competent legal evidence offered of the organization and existence of this alleged corporation. 3. The certificate of the Secretary of State is indispensable. 4. Under this complaint the burden is upon the government to prove, beyond reasonable doubt, that the alleged missile was a stone. It is not enough to show it to be a hard, compact body of any form or size. 5. A stone is a concretion of some species of earth, as lime, silex, clay, and the like, usually in combination with some species of air or gas, with sulphur, or with a metallic substance."

The judge declined to instruct the jury as requested, but instructed them as follows: "The government must prove, beyond a reasonable doubt, all the facts alleged in the complaint as alleged, except that the date is not material; that it was a stone, and not another missile; that the defendant did wilfully throw it at a certain railway car; that the car was the property of the Cambridge Railroad Company; and that that company was a corporation duly established by law. The judge declined to give the definition of a stone asked, or any definition of a stone or of a missile.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

HOLMES, J.   1. The motion to quash was rightly overruled. Any one may make a complaint who is competent to make oath to it.   The offence is alleged to have been committed at Cambridge, and therefore is shown to be within the jurisdiction of the court.   St. 1882, c. 233.   In the opinion of a majority of the court, the Pub. Sts. c. 112, § 206, must be construed to punish throwing a missile at a car whether in use or not; and therefore it was unnecessary to allege that the car was in use at the time. It was also unnecessary to describe the car more particularly, and if there had been any defect in this respect, or in respect of the place, it would have been a defect of form, which could not be objected to for the first time in the Superior Court. Pub. Sts. c. 214, § 25.

2. The evidence of the existence of the corporation was competent.   Commonwealth v. Bakeman, 105 Mass. 53, 60.   Pub. Sts. c. 169, §§ 68, 69.   The certificate of the Secretary of the Commonwealth, provided for in the Pub. Sts. c. 106, §§ 21, 22, is for corporations established under that chapter, or taking advantage of its provisions.   It was also competent to prove the ownership of the car by the testimony of one witness describing its particular marks, coupled with that of another that the car bearing those marks belonged to the company.   Moreover, possession was enough.   Pub. Sts. c. 214, § 14.

3. The instructions requested were given in substance, so far as correct and material.   The word "stone" did not need definition.                                   Exceptions overruled.