COMMONWEALTH *vs.* MARY MURPHY.

Essex.   November 7, 1888. — November 8, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Bringing of Complaint — Statute.*

The Pub. Sts. c. 100, § 18, providing that "the mayor and aldermen of cities and the selectmen of towns shall prosecute to final judgment all violations" of the laws relating to intoxicating liquors, is directory only, and does not debar any other citizen from entering complaints therefor.

COMPLAINT by Daniel W. Hammond to the Police Court of Haverhill, for an unlawful sale of intoxicating liquors at Haverhill, on December 26, 1887.

In the Superior Court, on appeal, before the jury was impanelled, the defendant moved to quash the complaint for the following reasons: "1. Because the complainant therein, Daniel W. Hammond, is not the mayor or one of the board of aldermen of the city of Haverhill.   2. Because said complaint is not sworn out by, nor is it on the face of it prosecuted by, the mayor and aldermen of said city of Haverhill, or either of them. 3. Because it does not appear by the complaint that the said Hammond acted originally, or acts now, in behalf of said mayor

and aldermen in prosecuting said complaint. 4. Because for said reasons the court has no jurisdiction."

At the hearing on the motion to quash, before *Bacon*, J., it appeared that Hammond was not, on December 26, 1887, the mayor or one of the aldermen of said city of Haverhill, nor has he been since, but was at the time of making the complaint, and still is, the city marshal of the city of Haverhill. The judge overruled the motion.

The defendant was then tried, and the jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Brickett & C. H. Poor*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The provision of c. 100, § 18, of the Public Statutes, that "the mayor and aldermen of cities and the selectmen of towns shall prosecute to final judgment all violations of this section," was intended to impose a duty upon the officers named. It is directory only, and does not exclude the right of any other citizen to enter complaints for a violation of the law.

*Exceptions overruled.*