COMMONWEALTH *vs.* WILLIAM GAY.

SAME *vs.* SAME.

Middlesex.    November 24, 1890. — February 11, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

Middlesex.    February 2, 1891. — February 24, 1891.

Present: FIELD, C. J., C. ALLEN, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Original Package — Jurisdiction of District Court — Complaint by Town Treasurer — Clerk pro Tempore.*

Under the St. of 1889, c. 312, approved May 8, 1889, transferring the town of Stoneham to the judicial district of the Fourth District Court of Eastern Middlesex, with a proviso saving pending proceedings, that court has jurisdiction of a complaint on the Pub. Sts. c. 101, §§ 6, 7, made thereafter, for keeping a common nuisance in that town before the passage of the statute.

A complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors, need not allege that the tenement was so used in violation of the laws of the United States, or that it was not used for the sale or keeping of such liquors in the original packages as they were imported into this State from a foreign nation or another State.

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, where there was evidence that some people were seen to go into the tenement sober and to come out intoxicated, and others merely to come out intoxicated, an instruction to the jury that seeing the latter is immaterial unless the government proves that they were sober when they went in is properly refused.

Since the St. of 1890, c. 440, § 5, took effect, the making of complaints under the Pub. Sts. c. 101, §§ 6, 7, is not confined to town treasurers by force of the Pub. Sts. c. 27, § 106.

The attestation of the copies of the record of a district court by the clerk *pro tempore* is no ground for dismissing a complaint on appeal.

A clerk *pro tempore* of a district court, appointed under the Pub. Sts. c. 154, § 8, is not required to give bond.

THE FIRST CASE was a complaint to the Fourth District Court of Eastern Middlesex, made on July 24, 1889, alleging that the defendant, on April 1, 1889, and on divers other days and times between that day and the day of making this complaint, at Stoneham, unlawfully " did keep and maintain a certain common nuisance, to wit, a tenement situate in said Stoneham, then and on said other days and times there by said William Gay used for the illegal sale and illegal keeping for sale of intoxicating liquor, to the great injury and common nuisance of all the peaceable citizens of said Commonwealth there residing, inhabiting, and passing, against the peace of said Commonwealth and the form of the statute in such case made and provided."

In the Superior Court, on appeal, before the jury were impanelled, the defendant renewed a motion, made by him in the district court, to quash the complaint for the following reasons: " First. Said Fourth District Court had no jurisdiction of said offence. Second. That said Stoneham, where and when said offence is alleged, was not a part of said Fourth District Court, or within its jurisdiction, but was within the jurisdiction of the First District Court of Eastern Middlesex, chapter 312, Statutes 1889. Third. That said complaint and proceedings under the same are insufficient and void." *Bishop*, J. overruled the motion; and the defendant excepted.

The defendant thereupon, also before the jury were impanelled, filed another motion to quash the complaint for the following reasons: " First. Because there is no averment that said illegal sale and keeping of intoxicating liquors was contrary to or in violation of the laws of the United States. Second. Because there is, no averment that said tenement at said Stoneham was not used for the delivery or sale of intoxicating liquors imported or brought into said Commonwealth from some foreign nation or some other of the United States than this State in the original parcels or packages for sale, keeping, or delivery by the owner under the laws of the United States." The judge also overruled this motion; and the defendant excepted.

The defendant was then tried, and, among other evidence introduced by the government, there was evidence that, within the time alleged in the complaint, persons who were sober were seen to go into the tenement in question and subsequently to

come out in an intoxicated condition; and that on another occasion, also within the time alleged, other persons were seen merely to come out intoxicated. At the conclusion of the evidence, the defendant requested the judge to give the following instruction, among others, to the jury: " That seeing intoxicated persons, if coming out of defendant's tenement, is immaterial, unless the government proves such persons were sober when they went in." The judge refused to give this instruction, and submitted the case to the jury with instructions not otherwise excepted to; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

HOLMES, J. The complaint in this case was entered in the Fourth District Court of Eastern Middlesex, alleging that the defendant maintained a common nuisance at Stoneham between April 1, 1889, and the day of making the complaint, viz. July 24, 1889. Stoneham became a part of the judicial district under the jurisdiction of that court between those two dates. St. 1889, c. 312, approved May 8, 1889. Formerly it had been within the jurisdiction of the First District Court. Pub. Sts. c. 154, § 2. A motion to quash was filed on the ground that the Fourth District Court had not jurisdiction of so much of the offence as was committed before the act of 1889 went into effect.

The motion was rightly overruled. The language of the statute is, " The town of Stoneham shall hereafter belong to and constitute a part of the judicial district," etc., " provided, however, that nothing herein contained shall affect any suit or proceeding begun and pending at the time of the passage of this act." To say that Stoneham shall thereafter be a part of that judicial district is to say that thereafter all legal proceedings in a district court shall be instituted in that district, even though based upon acts done before the passage of the statute. For after the statute went into effect, plainly such proceedings could not be instituted in the First District Court, and it would be absurd to hold that all liability to proceedings, civil or crimi-

nal, in any district court, for previous acts, was done away with. The proviso, saving pending proceedings, only strengthens this construction. Similar acts have been construed in the same way in other States, and their validity, if any one ever doubted it, has been affirmed. *State* v. *Jones,* 4 Halst. 357, 373. *State* v. *Jackson,* 39 Maine, 291. *McElroy* v. *State,* 13 Ark. 708, 710. *Jordan* v. *State,* 22 Ga. 545, 556. *Murrah* v. *State,* 51 Miss. 675. *State* v. *Donaldson,* 3 Heisk. 48. See *United States* v. *Dawson,* 15 How. 467.

The form of complaint was proper, and the second motion to quash was rightly overruled, even if the objection was taken in time. *Commonwealth* v. *Gagne, ante,* 205.

The third instruction was properly refused. It singles out a part of the evidence in a way which was not permissible. There was evidence that people were seen to go into the defendant's tenement sober, and to come out intoxicated. Moreover, the effect to be attributed to the fact that some others were seen coming out intoxicated did not necessarily depend upon their having been seen to go in there sober.

*Exceptions overruled.*

THE SECOND CASE was also a complaint to the Fourth District Court of Eastern Middlesex, in the same form as the complaint in the first case, for keeping a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors at Stoneham, from August 1 to October 6, 1890.

The record of the District Court transmitted to the Superior Court, on appeal, was attested by " Charles K. Conn, Clerk *pro tem.*," and disclosed that the complaint was made by Rix L. Newton, a police officer, and was received by and sworn to before " Benjamin E. Bond, Clerk."

In the Superior Court, before the jury were impanelled, the defendant renewed a motion, made by him in the district court, to quash the complaint, which, after assigning reasons similar to those recited in the second motion to quash filed in the first case, concluded as follows : " 3d. Because said complaint is for a penalty, and should have been made by the treasurer of said Stoneham, where said offence is charged, and to whom the same

is to be paid; and 4th. That said complaint is insufficient and void." *Pitman, J.* overruled the motion.

The defendant then filed a motion to dismiss: "1. Because there is no attested copy of the complaint and record by the clerk of the Fourth District Court, B. E. Bond, Esquire. 2. Because there is no record of the absence, death, or removal of said clerk, and appointment of C. K. Conn clerk *pro tempore*, or attestation thereof. 3. Because Charles K. Conn had no authority to attest said records or act as clerk in said court. 4. Because there is no record that said clerk *pro tempore* ever gave bonds or was qualified to act, or certificate or attestation of the records and proceedings in said case." The judge overruled the motion.

At the trial it was admitted that Charles K. Conn, while acting as clerk *pro tempore* of the district court, never gave any bond as clerk *pro tempore*.

The jury returned a verdict of guilty; and the plaintiff alleged exceptions.

*A. V. Lynde*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

LATHROP, J. 1. The first and second reasons assigned for quashing the complaint are insufficient. *Commonwealth* v. *Gagne, ante*, 205.

2. In support of the third reason assigned for quashing the complaint, the defendant relies upon the provisions of the St. of 1890, c. 440, § 5, and of the Pub. Sts. c. 27, § 106. Section 5 of the St. of 1890, c. 440, provides that "all fines imposed in the Superior Court, and all fines paid after commitment, shall be paid over to the county in which the trial is had, as now provided by law, or in Suffolk County to the collector of the city of Boston, and all fines or forfeitures imposed and paid in any district, police, or municipal court shall, where no other provision is made by law, be paid to the city or town in which the offence was committed." Section 106 of the Pub. Sts. c. 27, provides that, "where no other provision is specially made," the town treasurer "shall prosecute for all fines and forfeitures which inure to his town or to the poor thereof."

The defendant contends that, since the St. of 1890, c. 440, took effect, every complaint for an offence committed in a town

which is punishable by a fine in a district, police, or municipal court, must be made by the town treasurer, and can be made by no other person.

The only cases which can be cited in support of this view are *Commonwealth* v. *Fahey*, 5 Cush. 408, and *Commonwealth* v. *Smith*, 111 Mass. 407.

In *Commonwealth* v. *Fahey*, a complaint was made by a police officer of the city of Boston, to recover a penalty imposed by a by-law of the city for burying a dead body illegally. The defence was, that, under the St. of 1849, c. 211, § 7, the complaint should have been made by the city treasurer. The statute referred to provided that " all fines and forfeitures incurred under the general laws, or the special laws applicable to any town or city, or the ordinances, by-laws, and regulations of any town or city, relating to health, shall inure to the use of such town or city; and may be recovered by complaint, in the name of the treasurer, before any justice of the peace of the county, or police court of the city, in which the offence may have been committed." The court sustained the defence, for the reason that prior to this statute the laws were various ; that there were general laws of the Commonwealth, special laws for particular towns, and by-laws and regulations of towns and cities; that the modes of prosecution were various and complicated, and not easily understood, as by indictment, complaint, *qui tam* action, and the like ; that the uses to which the fines were recoverable were various ; and " that the Legislature thought it expedient to supersede them all, by directing a mode of proceeding easily understood and general in its application." Again it was said, that, if the remedy pointed out was not exclusive where a penalty was incurred, a person in collusion with the offender might make a complaint, and, if first in order of time, might defeat the right of the fiscal officer of the city or town to recover a sum of money which the law declared should inure to their use.

The case of *Commonwealth* v. *Smith*, *ubi supra*, was a complaint by a constable of the city of Boston, under the Gen. Sts. c. 26, § 47, for neglecting to give notice to the board of health that a person in the defendant's family was taken sick of smallpox. The statute provided that a person so offending should forfeit a sum not exceeding one hundred dollars. As the law then

stood, the city marshal, or other police officer, or the city treasurer, might prosecute for all fines and forfeitures which might inure to the city or the poor thereof.     Gen. Sts. c. 19, § 15 ; St. 1870, c. 227.    The court held, on the authority of *Commonwealth* v. *Fahey, ubi supra,* that, as a constable was not a police officer, he could not make the complaint.

While these decisions may be sustained, for the reasons stated by Chief Justice Shaw, in delivering the opinion in *Commonwealth* v. *Fahey,* they are not of general application.    Ordinarily, any one may make a complaint who is competent to make oath to it.    *Commonwealth* v. *Carroll,* 145 Mass. 403.    D. Davis, Just. 7.    And even where a statute makes it the duty of a certain officer to make a complaint, it has been held that the statute is directory only, and does not exclude the right of any other competent person to make a complaint for a violation of the law. *Commonwealth* v. *Tobias,* 141 Mass. 129.    *Commonwealth* v. *Murphy,* 147 Mass. 577.    It appears from the defendant's brief in the case last cited, that the cases of *Commonwealth* v. *Fahey* and *Commonwealth* v. *Smith* were called to the attention of the court.

In *Commonwealth* v. *Haynes,* 107 Mass. 194, it was held that the St. of 1868, c. 263, § 2, providing a penalty for selling adulterated milk, to be recovered on complaint, one half of the fine imposed to go to the complainant or informer, did not exclude the jurisdiction of the Superior Court to proceed by indictment.

The duty imposed upon a town treasurer, by the Pub. Sts. c. 27, § 106, is to " prosecute for all fines and forfeitures which inure to his town."    The complaint in this case is under the Pub. Sts. c. 101, and the offence may be punished by a fine of not less than fifty nor more than one hundred dollars.    Pub. Sts. c. 101, § 7.    There is nothing in this statute which provides that the fine shall be for the benefit of the town where the offence is committed, and by the St. of 1890, c. 440, § 5, the town has no interest in the fine unless it is both imposed and paid in the district, police, or municipal court.    If a fine is imposed and not paid, but an appeal is taken, and the case is disposed of in the Superior Court, then, by the terms of the statute, any fine which is there imposed goes to the county.    To adopt the defendant's contention would make the validity of a complaint depend upon

a fact which cannot be determined until the prosecution is ended by conviction. The reasoning in *Commonwealth* v. *Fahey* has no application to the statutes now under consideration. We are, therefore, of opinion that the motion to quash was properly overruled.

3. The motion to dismiss was properly overruled. *Commonwealth* v. *Clark*, 16 Gray, 88. *Commonwealth* v. *Connell*, 9 Allen, 488. Although the question in each of these cases arose upon a motion in arrest of judgment, the cases were decided on reasons which apply to the case at bar. *Commonwealth* v. *Harvey*, 111 Mass. 420.

The fact that the clerk *pro tempore* of the district court had given no bond is immaterial. Such a clerk is not required to give a bond. His appointment is provided for by the Pub. Sts. c. 154, § 8. By § 9, the " clerk, assistant clerks, and clerk *pro tempore*" are required to be sworn, and, by § 38, the " clerk " is required to give a bond. If the Legislature had intended that a clerk *pro tempore* should give a bond, it would doubtless have so enacted.                    *Exceptions overruled.*