COMMONWEALTH *vs.* WILLIAM B. FLETCHER.

Middlesex.    May 27, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Motion to Dismiss — Trial Justice — Disqualification and Jurisdiction.*

A motion to dismiss a complaint in a criminal case, which is based on facts not appearing of record, cannot be sustained, although the truth of such facts is admitted by the government.

If a trial justice is otherwise disqualified from receiving and hearing a complaint for an offence punishable by fine by the fact that it is committed in the town of which he is a resident and tax-payer, such disqualification is removed by the Pub. Sts. c. 160, § 13.

The jurisdiction given to trial justices by the Pub. Sts. c. 155, § 53, of offences under c. 101, §§ 6, 7, is not confined to first offences under the latter statute.

COMPLAINT, on the Pub. Sts. c. 101, §§ 6, 7, to a trial justice, for keeping and maintaining a common nuisance at Natick.

At the trial in the Superior Court, on appeal, before *Hopkins*, J., it appeared that the defendant pleaded guilty before the trial justice, and was sentenced by him to both fine and imprisonment.

The defendant, before judgment, moved to dismiss the complaint for the following reasons:

" 1st. The trial justice who received and heard the complaint and rendered judgment therein was, at the time of so doing, a citizen, resident, and tax-payer of the town of Natick, in which the offence charged in said complaint was alleged to have been committed.

" 2d. At the time of issuing the warrant in this case and hearing this complaint, there was a record of a former convic-

tion of the defendant of an offence similar to the one charged in this complaint, which was well known to the trial justice who issued said warrant and rendered judgment on this complaint. Wherefore the defendant says that said trial justice had no jurisdiction of this complaint."

The government admitted that the facts set forth in the motion were true.

The judge overruled the motion ; and the defendant alleged exceptions.

*H. G. Sleeper*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The defendant's motion to dismiss is based upon facts which do not appear upon the record. It is true that the allegations of the motion were admitted by the government, but we infer from the course of proceeding and argument that the admission was made subject to the objection that the facts could not be introduced in that way. See *Commonwealth* v. *Brown*, 150 Mass. 334, 342. In *Richardson* v. *Welcome*, 6 Cush. 331, relied on by the defendant, the action was dismissed on motion supported by evidence, but the evidence showed that the action was brought before a justice of the peace by his direction, and therefore that the case was within the Rev. Sts. c. 85, § 34, (Pub. Sts. c. 155, § 73,) which says that civil actions so commenced shall be dismissed. Perhaps it would have been possible to extend the practice by analogy to civil cases in which the justice was interested. But the contrary seems to be settled in criminal proceedings. *Commonwealth* v. *Edwards*, 12 Cush. 187. See also *Crosby* v. *Harrison*, 116 Mass. 114. *Commonwealth* v. *Donahue*, 126 Mass. 51. *Commonwealth* v. *Brown*, *ubi supra.*

If, however, we are to assume that the government intended to waive all questions of form, and to rely on the insufficiency of the facts alleged to defeat the jurisdiction of the trial justice, we are of opinion that its position is right. The fact that the trial justice who received and heard the complaint was a resident and tax-payer of the town of Natick where the offence was committed gave him no interest except in a case in which the defendant did not appeal, since, by the St. of 1891, c. 416, § 1,

as well as by the St. of 1890, c. 440, § 5, which it replaced, the town where the offence was committed has no interest in the fine unless it is both imposed and paid in the inferior court. *Commonwealth* v. *Gay*, 153 Mass. 211, 217. If such a possibility of interest is sufficient otherwise to disqualify a trial justice, the disqualification is removed by the Pub. Sts. c. 160, § 13, that no person shall be disqualified from acting as judge, etc., in a suit or proceeding in which a city or town is interested, by reason of his interest as an inhabitant thereof. It is true that the town was not interested as a party, but as the trial justice was only interested through the town, the town was interested in the literal sense of the word, if any one was. There is no reason for cutting down the literal meaning of the statute by interpretation. See *Commonwealth* v. *Brown*, 147 Mass. 585, 591.

The other objection we understand to be this. By the Pub. Sts. c. 101, § 7, the punishment of the defendant's offence is fine and imprisonment. By the Pub. Sts. c. 155, § 53, giving jurisdiction of the offence to trial justices, the punishment is fine or imprisonment, as the defendant construes the act. By the Pub. Sts. c. 215, § 8, a discretion is given to sentence to fine or imprisonment alone in the case of first convictions. Therefore, the defendant argues, the jurisdiction of trial justices must be limited to cases where there has been no former conviction, since those are the only ones in which a punishment by fine or imprisonment is contemplated. But the answer is, that the jurisdiction given by c. 155, § 53, is of "all offences" under c. 101, §§ 6, 7. Section 7 of the Pub. Sts. c. 101, represents § 3 of the St. of 1866, c. 280, which in respect to this class of cases overrides the earlier statutes of 1865, c. 281, and 1863, c. 78, represented by the Pub. Sts. c. 155, § 53.

*Exceptions overruled.*