COMMONWEALTH *vs.* MICHAEL McDONNELL & another.

Bristol.    October 24, 1892. — November 25, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Complaint by Inspector of State Board of Health — Having Oleomargarine with Intent to sell illegally.*

If a complaint charges a person with having in his possession, with intent to sell, oleomargarine in a tub not marked as required by law, he cannot be convicted, if the exceptions show that he had no intent to sell it without having it so marked.

It is not to be inferred that the Legislature, merely by making it the duty of certain officers to enforce penal laws of general application, intended that the enforcement should be dependent upon these officers; and a complaint charging a person with having in his possession, with intent to sell, oleomargarine con-

trary to the requirements of the St. of 1886, c. 317, § 1, is not defective because made by an inspector of the State Board of Health, instead of by an inspector of milk or by the treasurer of the town in which the offence was committed.

COMPLAINT, under the St. of 1886, c. 317, § 1, charging the defendants with having in their possession, with intent to sell, oleomargarine in a tub not marked as required by that section.

In the Superior Court, on appeal, before the jury were impanelled, the defendant renewed a motion, made by him in the district court, to quash the complaint "because it does not appear by said complaint that the complainant therein is a person authorized by law to institute the same." *Braley,* J. overruled the motion, and the defendant excepted.

It appeared from the evidence that the defendants, who were copartners, had a license from the United States government to sell oleomargarine at retail, in quantities not exceeding ten pounds; that an inspector of the State Board of Health went down into the cellar of the defendants' place of business, and directed a clerk of the defendants to give him a sample of oleomargarine from the tub in question, which he did, the piece being about a quarter of a pound; that this tub contained about sixty pounds of oleomargarine, was in the original package as received from the manufacturers, fastened in the usual manner by tin strips nailed to the cover and sides, and had never been opened before; that there were also eight or ten other sixty-pound tubs of oleomargarine also stored in the same place, on top of each other, which had never been opened; that the tub in question was legally marked on the top and sides, but had no mark on the bottom; that it further appeared that the defendants had never sold any oleomargarine from the cellar, but it was always brought, a tub at a time as needed, from the cellar to the store above, and the packages opened and sold at retail from a butter case or refrigerator, and that no sales were ever made from a tub unless it was properly marked and stamped; that if a tub was found to be unstamped or unlettered according to law, the tub was stamped or lettered before any sales were made therefrom; that the defendants had purchased the said packages of oleomargarine and stored them in said cellar for the purpose and with the intention of selling them at retail as above described, but that they did not intend to sell this oleomargarine

or expose the same for sale until the law had been fully complied with. No question was made that the defendants complied with all legal requirements as to notices, wrappers, etc.

The judge declined to rule, as the defendants requested, that there was not sufficient evidence to convict, and ruled, as matter of law, that there was sufficient evidence to sustain a conviction.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*F. A. Milliken*, for the defendants.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

FIELD, C. J. The exceptions taken at the trial must be sustained, for the reasons given in *Commonwealth* v. *Mills, ante,* 405. The only contention made in the argument before this court on the motion to quash the complaint is, that the complaint should have been made by an inspector of milk or by the treasurer of the town in which the offence was committed. We understand the argument to be that the St. of 1886, c. 317, § 1, is an amendment of the Pub. Sts. c. 56, § 17; that § 2 of the St. of 1886, c. 317, is an amendment of the Pub. Sts. c. 56, § 19; that the forfeiture for the offence charged is "to the city or town where the offence was committed"; that by the Pub. Sts. c. 56, § 20, it is made the duty of inspectors of milk to institute complaints for the violations of these sections, and that by the Pub. Sts. c. 27, § 106, it is enacted that the town treasurer, where no other provision is specially made, shall prosecute for all fines and forfeitures which inure to his town. The general provision for the recovery of fines and forfeitures is the Pub. Sts. c. 217, § 2. We are of opinion that the statutes relied on in their application to the offence charged are directory. The Legislature has prohibited unqualifiedly the sale, exposing for sale, or having in possession with intent to sell, oleomargarine, except under certain conditions, and it is to be presumed that it has done this to promote the welfare generally of the inhabitants of the Commonwealth. See St. 1890, c. 440, § 5; c. 416, § 1. But it is not to be inferred that the Legislature, merely by making it the duty of certain officers to enforce penal laws of general application, intended that the enforcement should be dependent

upon the discretion of these officers. The motion to quash the complaint was rightly overruled. See *Commonwealth* v. *Tobias,* 141 Mass. 129; *Commonwealth* v. *Carroll,* 145 Mass. 403; *Commonwealth* v. *Murphy,* 147 Mass. 577; *Commonwealth* v. *Gay,* 153 Mass. 211.                          *Exceptions sustained.*