COMMONWEALTH *vs.* JAMES MULLEN.

Suffolk.     March 13, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Imitation Butter — Complaint — Allegation — Statute — "Proviso."*

A complaint under St. 1891, c. 58, as amended by St. 1896, c. 377, § 1, for having in possession with intent to sell oleomargarine in imitation of yellow butter produced from unadulterated milk or cream, may be made by an assistant of the board of agriculture.

A complaint under St. 1891, c. 58, as amended by St. 1896, c. 377, § 1, which alleges that the oleomargarine was in imitation of yellow butter produced from unadulterated milk or cream, sufficiently shows that the proviso " that nothing in this act shall be construed to prohibit the manufacture or sale of oleomargarine in a separate and distinct form and in such manner as will advise the consumer of its real character, free from coloration or ingredient that causes it to look like butter," does not apply.

A motion to quash a complaint under St. 1891, c. 58, as amended by St. 1896, c. 377, § 1, on the ground that it does not allege that the substance " was not renovated butter," is rightly overruled, having renovated butter in possession with intent to sell being made an offence by another statute.

A motion to quash a complaint under St. 1891, c. 58, as amended by St. 1896, c. 377, § 1, on the ground that " the complaint is in the alternative when it alleges that the substance was made from adulterated cream or milk," is rightly overruled, the complaint making no such averment, but alleging that the oleomargarine was made partly out of oleaginous substance not produced from unadulterated milk or cream.

COMPLAINT to the police court of Chelsea, alleging that the defendant " did have in his possession, with intent to sell, a certain quantity, to wit: one pound of a certain product commonly called oleomargarine, made partly out of oleaginous substance not produced from unadulterated milk or cream from the same, and that said product, in his possession, as aforesaid, was then and there, in imitation of yellow butter, produced from pure unadulterated milk or cream of the same."

The defendant was found guilty, and appealed to the Superior Court. At the trial, before *Sheldon,* J., who overruled a motion to quash the complaint, the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*H. L. Whittlesey,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

HOLMES, C. J. This is a complaint under St. 1891, c. 58, (amended by St. 1896, c. 377, § 1,) for having in possession with intent to sell oleomargarine which was in imitation of yellow butter produced from unadulterated milk or cream. The case is here on appeal from an order overruling a motion to quash, and on exceptions to the same order, (see *Commonwealth* v. *Dunleay,* 157 Mass. 386, 388, and *Commonwealth* v. *Mc-Govern,* 10 Allen, 193,) and to a refusal to rule that the complaint could not be sustained on the evidence.

The first objection to the complaint is that it does not allege that the complainant was an inspector of milk, or an officer empowered to make such complaint; and the ground on which the court was asked to direct a verdict for the defendant was that it appeared in evidence that the complainant was not an inspector of milk but was an assistant of the board of agriculture, as described in St. 1891, c. 412, § 6. The ground of the objection and request is that by St. 1891, c. 58, § 3, it is provided that " inspectors of milk shall institute complaints for the violation of the provisions of this act when they have reasonable cause to believe that any of its provisions have been violated," and they are authorized on information and satisfactory evidence to enter, take specimens of suspected butter or imitations, and cause them to be analyzed, etc. It is argued that these are the only

officers authorized to make the complaint. To this argument it is a sufficient answer that the same authority is plainly given to the assistant of the secretary of the board of agriculture, by St. 1891, c. 412, §§ 6, 11. As to the form of the complaint, if we should assume for the purposes of decision that only the persons named have authority to make complaints under the act, no doubt under St. 1899, c. 409, § 28, (" Caption and Commencement of Complaint,") the office of the complainant should be alleged, but the defect at most is formal. *Commonwealth* v. *Alden*, 143 Mass. 113, 118. In view of § 5 of the last cited act probably it would not be sufficient ground for a motion to quash. But the short answer to the whole matter is that the statute does not prohibit any person not an inspector from making a complaint. *Commonwealth* v. *Tobias*, 141 Mass. 129, 132. *Commonwealth* v. *Murphy*, 147 Mass. 577. *Commonwealth* v. *Gay*, 153 Mass. 211, 217.

The second ground of the motion to quash was that the complaint " does not allege that the substance was not in a separate and distinct form and in such manner as will advise the consumer of its real character." This means that the complaint should have negatived the proviso, as it stands in § 1 and in the amendment, that the act shall not be taken to prohibit the sale of oleomargarine in a separate and distinct form, etc., " free from coloration or ingredient that causes it to look like butter." The motion disregards these last words. The complaint alleges that the oleomargarine was in imitation of yellow butter produced from unadulterated milk or cream, and thus sufficiently shows that the proviso does not apply. The defendant had no right to keep such a substance for sale in any form or manner. Probably in any case it was unnecessary to negative the proviso. *Commonwealth* v. *Hart*, 11 Cush. 130.

The third ground set out in the motion is that the complaint " does not allege that said substance was renovated butter." We presume that this should have read " was not renovated butter," to express what was intended. Having renovated butter in possession with intent to sell is made an offence by St. 1899, c. 340. That is not the offence charged. The substance described in the complaint is different from that described as renovated butter in the later act, and it is not necessary, when

charging a well defined statutory offence, to explain that you are not charging another and quite different one.

The last ground of the motion is, " because the complaint is in the alternative when it alleges that the substance was made from adulterated cream or milk." The complaint makes no such averment. It alleges that the oleomargarine was made partly out of oleaginous substance not produced from unadulterated milk or cream, which is a very different allegation. If all the substances of which the subject matter of the charge was composed were produced either from unadulterated milk or from cream from the same, there would have been no offence under the statute in question; therefore both possibilities were negatived. Very properly this ground is not argued, and we say no more about it.

> *Order overruling motion to quash affirmed; exceptions overruled.*