Commonwealth *vs.* Nick Haddad, trustee.

Suffolk.    February 6, 1974. — March 19, 1974.

Present:    Tauro, C.J., Quirico, Braucher, Hennessey & Kaplan, JJ.

*Housing Court of the City of Boston. Practice, Criminal,* Report, Complaint. *Public Health.*

A criminal case within the jurisdiction of the Housing Court of the City of Boston may come before this court on a report by the judge of the Housing Court after a finding of guilty and sentence. [796-797]

A criminal complaint for violation of art. II of the State Sanitary Code may be brought in the Housing Court of the City of Boston by one who is neither a public official nor an affected tenant. [798-799]

Two complaints received and sworn to in the Housing Court of the City of Boston on May 15, 1973.

The cases were reported by *Garrity,* J.

*Robert A. Saggese* for the defendant.

*Carl D. Lohmann* for the Commonwealth.

Braucher, J.    These cases are before us on a report of questions of law by the judge of the Housing Court of the City of Boston. The issue raised is whether complaints under art. II of the State Sanitary Code may be brought by one who is neither a tenant nor a city or State inspector. We hold that they may.

The complainant is an inspector of the Neighborhood Association of the Back Bay. He brought complaints against the defendant as the owner of premises in Boston constituting dwellings, charging violations of art. II of the State Sanitary Code with respect to garbage, rubbish or other refuse. The judge held that the association has no official status or enforcement powers, but found the defendant guilty, imposed fines, and denied motions for a new trial and to

set aside the findings. "Being of the opinion that these cases present questions of such importance as to require the decision of the Supreme Judicial Court," he reported the questions with the defendant's consent.[1] G. L. c. 278, § 30.

1. The Housing Court of the City of Boston was established by G. L. c. 185A, inserted by St. 1971, c. 843, § 1. Compare G. L. c. 185B, inserted by St. 1973, c. 591, § 1, establishing the Housing Court of the County of Hampden. Under G. L. c. 185A, § 3,[2] it has jurisdiction, "concurrent with the district courts and the superior court," of certain crimes, including crimes arising under so much of G. L. c. 111, § 127A, and of any regulation as is "concerned with the health, safety or welfare of any occupant of any place used, or intended for use, as a place of human habitation." Criminal proceedings are commenced "by complaint in like manner as in a district court." G. L. c. 185A, § 20.[3] This

---

[1]"I. May complaints be brought under Article II of the State Sanitary Code by one who is neither a tenant of the premises complained of nor an inspector of the Housing Inspection Department of the City of Boston or the Department of Public Health?

"A. Does General Laws, C. 111, Section 127B, vest the exclusive right to bring criminal complaints for violations of Article II of the State Sanitary Code in the Commissioner of Housing Inspection and the Department of Public Health?

"B. Do Sections 127C and 127H of Chapter 111 of.the General Laws imply that only the Commissioner of Housing Inspection for the City of Boston, or the Department of Public Health may bring criminal complaints for violations of Article II of the State Sanitary Code?''

[2]"The housing court shall have jurisdiction, concurrent with the district courts and the superior court, of all crimes, . . . arising within the city . . . under so much of sections one hundred and twenty-seven A to one hundred and twenty-seven F, inclusive, and sections one hundred and twenty-seven H to one hundred and twenty-seven K, inclusive, of chapter one hundred and eleven . . . and so much of any other general or special law, ordinance, rule or regulation as is concerned with the health, safety or welfare of any occupant of any place used, or intended for use, as a place of human habitation.. . .. In all matters within its jurisdiction, the housing court shall have all the powers of the superior court in actions at law and suits in equity, including the power to grant temporary restraining orders and preliminary injunctions as justice and equity may require. The housing court shall have like power and authority for enforcing orders, sentences and decrees made or pronounced in the exercise of any jurisdiction vested in it, and for punishing contempts of such orders, sentences and decrees and other contempts of its authority, as are vested for such or similar purposes in the supreme judicial or superior court."

[3]"Proceedings shall be commenced in the housing court as follows: — a criminal case, by complaint in like manner as in a district court . . .. Notwithstanding that a proceeding under this chapter is commenced by complaint, if the housing court finds that the offense charged was not wilful, intentional, reckless or repeated, the proceeding shall not be deemed criminal and no record of the case shall be entered in the probation records. . . ."

means, that the clerk "may receive complaints" and "administer to complainants the oath required thereto." G. L. c. 218, § 33. In general, cases are to be "heard and determined by the housing court sitting without a jury," but there is to be a jury trial in the Housing Court if constitutionally required and not waived. G. L. c. 185A, § 23. There is no provision for appeal in criminal cases to the Superior Court. See G. L. c. 278, § 18; *Mann* v. *Commonwealth,* 359 Mass. 661, 664-665 (1971). Instead, a party aggrieved by a "final judgment of the housing court" may appeal "directly to the full court of the supreme judicial court." G. L. c. 185A, § 26.

"In all matters within its jurisdiction," the Housing Court has "all the powers of the superior court in actions at law and suits in equity." See fn. 2. In addition, explicit provision is made for reports to this court when the judge makes "an interlocutory order or decree at law or in equity." G. L. c. 185A, § 29. A report is also explicitly authorized after verdict or finding in an action at law. G. L. c. 231, § 111, as amended by St. 1973, c. 591, § 11. But the provisions of G. L. c. 278, §§ 30 and 30A, for reports by judges of the Superior Court in criminal cases have not been expressly made applicable to the Housing Court. See *Commonwealth* v. *Cronin,* 245 Mass. 163, 164-165 (1923).

Nevertheless, we think the Legislature has sufficiently indicated its intention that appellate review of decisions of the Housing Court is to be had directly by this court, and that the judge of the Housing Court is to exercise the powers of a Superior Court judge to that end. See *Commonwealth* v. *Henry's Drywall, Inc.* 362 Mass. 552, 555, n. 4 (1972). This is obviously the view taken by the judge of the Housing Court, and no contrary argument has been made to us. The issue presented by the judge's questions is of public importance; it has been fully argued to us, and even if we had found it necessary to dismiss the report as not properly before us, we should nevertheless have felt warranted in expressing our views. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731 (1943); *Vautier, petitioner,* 340 Mass. 341, 344 (1960); *Maldonado, petitioner, ante,* 359, 366.

2. In general, anyone may make a criminal complaint in a District Court who is competent to make oath to it. General statutes imposing a duty to prosecute on particular public officials are read as directory only, and do not exclude the right of any other citizen to enter complaints for a violation of the law. *Commonwealth* v. *Tobias,* 141 Mass. 129, 132 (1886). *Commonwealth* v. *Carroll,* 145 Mass. 403, 406 (1888). *Commonwealth* v. *Murphy,* 147 Mass. 577, 578 (1888). *Commonwealth* v. *Gay,* 153 Mass. 211, 217 (1891). *Commonwealth* v. *McDonnell,* 157 Mass. 407, 409-410 (1892). *Commonwealth* v. *Mullen,* 176 Mass. 132, 134 (1900). Although the attendance of the district attorney is required by statute in the Superior Court, his appearance in District Courts within his district is discretionary. G. L. c. 12, § 27. *Commonwealth* v. *Buck,* 285 Mass. 41, 43 (1933). Compare *Commonwealth* v. *Coshnear,* 289 Mass. 516, 521 (1935).

Under a statute formerly in effect, certain fines and forfeitures enured to the use of cities and towns and could only be recovered by complaint in the name of the treasurer of a city or town. *Commonwealth* v. *Fahey,* 5 Cush. 408, 411 (1850). Authority to make such complaints was subsequently given to a city marshal or other police officer as well as the treasurer, but a constable still lacked the authority. *Commonwealth* v. *Smith,* 111 Mass. 407, 408 (1873). See *Commonwealth* v. *Rawson,* 183 Mass. 491, 493 (1903); *Commonwealth* v. *Mekelburg,* 235 Mass. 383, 385-386 (1920). Compare St. 1904, c. 277, § 2, extending the authority to town police officers. The statutes on which those decisions were based disappeared in the revision of 1921. See G. L. c. 41, §§ 3, 36 (1921). Fines and forfeitures under laws relative to health still enure to the use of cities and towns. G. L. c. 111, §§ 188, 189. Sums received by the clerk of the Housing Court are to be paid to the treasurer of the city. G. L. c. 185A, § 19. General Laws c. 111, § 30, continues to provide that a health inspector "may" make complaint of violations of health laws, but does not prohibit any person not an inspector from making complaint. Compare *Commonwealth*

v. *Alden,* 143 Mass. 113, 118 (1886), with *Commonwealth* v. *Mullen,* 176 Mass. 132, 134 (1900).

3. The defendant contends that the statute authorizing the State Sanitary Code excludes private complaints. G. L. c. 111, § 127A, as amended by St. 1971, c. 261.[4] That statute provides for enforcement by local boards of health and by the State Department of Public Health. Sections 127C and 127H provide for the filing of petitions by affected tenants. These provisions on their face relate primarily to civil proceedings to enforce the code. They may also impose a duty on certain public officials to seek criminal complaints in appropriate cases, but they do not prohibit other persons from making complaints. *Commonwealth* v. *Tobias,* 141 Mass. 129, 132 (1886). The danger of harassment is mitigated by a statutory provision that the person against whom a complaint is made may oppose the issuance of process based on the complaint. G. L. c. 218, § 35A.

The primary purpose of the code is to prevent violations rather than to punish past violations as criminal offences. See *Commonwealth* v. *Hadley,* 351 Mass. 439, 442 (1966). But criminal enforcement by fine is explicitly authorized. In establishing the Housing Court, the Legislature rejected proposed language which would have required proceedings to collect criminal fines to be brought by the Commissioner of Housing Inspection. Compare 1971 House Doc. No. 4202, § 1, proposing the insertion of G. L. c. 214B, § 23, and 1971 House Doc. No. 956, § 1, proposing the insertion of G. L. c. 214A, § 23, with G. L. c. 185A, § 20. See 1965 House Doc. No. 4040, p. 61, stating "that a many-pronged attack is needed to bring about effective enforcement of housing codes, one that provides 'carrots' as well as 'sticks.'"

---

"'Said department shall adopt, and may from time to time amend, public health regulations to be known as the state sanitary code, which may provide penalties for violations thereof not exceeding five hundred dollars for any one offence. . . . Local boards of health shall enforce said code in the same manner in which local health rules and regulations are enforced, but, if any such local boards fail after the lapse of a reasonable length of time to enforce the same the department may in like manner enforce said code against any violator. The superior court shall have jurisdiction in equity to enforce the provisions of said code and any actions brought to enforce said provisions shall be advanced for speedy trial."

4. We answer question 1, "Yes," and questions A and B, "No." The cases are remanded to the Housing Court of the City of Boston for disposition.

*So ordered.*