# JACOB LOVELL

*v.*

# CHARLES A. WHEATON et al.

The parties to this action submitted certain matters in controversy to the decision of B. and S. as arbitrators, under and in pursuance of the provisions of Chap. 85 of the Public Statutes. The arbitrators made their award, and enclosed it to the clerk of the court within the time limited by the submission, and the parties stipulated, in writing, that the clerk should forthwith open the award, and enter judgment thereon, and they also in writing waived "all objection to the award, and to the judgment that should be entered thereon, and all appeal, writ of error, or other review, of whatever kind, which might or could be taken." The clerk entered judgment in pursuance of the stipulation. *Held*, that it is not necessary that an award should be returned at a term or session of the court, or that a term of the court should intervene between the time of submission and return of the award.

That the award, though not attested by a subscribing witness, was not *void*, but conferred jurisdiction on the court.

That the court having acquired jurisdiction, it was competent for the parties to authorize the clerk to enter judgment without acceptance or confirmation of the award by the court, and also to waive all formal errors, and the right of review.

That after such waiver, none of the parties can be heard to question the judgment, except on account of fraud, or errors affecting the merits of the controversy.

That none of the papers required to be stamped as process.

The parties to this action, on the 28th day of February, 1865, entered into a written agreement to submit certain controversies to the decision of arbitrators, pursuant to Chap. 85, Pub. Stat., the award to be reported within fifteen days to the District Court for the County of Rice. The time for filing the

Lovell v. Wheaton et al.

award was afterwards extended to the 23d day of March, 1865, by stipulation. The award was transmitted to the clerk, under seal, March 20, 1865. On the 27th day of March, the said parties entered into another agreement, in writing, whereby they agreed and consented that the clerk of said court might "forthwith open said award, and enter judgment thereon pursuant to said award, and to waive all objection, and all right of objection to said award, and to the judgment which should be entered thereon, to waive all appeal, writ of error, and other review, of whatever kind, which might or could be taken of or from said award, and of or from said judgment, it being thereby agreed and understood, that said award and said judgment" should "be final, and not subject to review by any court whatever." On the 29th day of March, 1865, judgment was duly entered up by said clerk upon said award, pursuant to said last named agreement, in favor of the plaintiff. The award was not attested by any subscribing witness. No 50-cent revenue stamp was attached to any of the papers, but a 5-cent revenue stamp was attached to the submission, also to the statement of the matters in controversy, to the agreement to extend time, and to the agreement to waive irregularities, &c. Execution was issued upon the judgment. A motion was afterwards made by the defendants, upon the papers and proceedings in the case, to vacate and set aside the judgment and execution, and all proceedings thereunder, for the following reasons:

1. That the court had no jurisdiction to render said judgment, in this, that no term of court was held or is prescribed by law to be held within the time limited in the submission to arbitrators.

2. The award of arbitrators was not returned at any term or session of court.

3. That the clerk, in vacation, has no authority to enter judgment upon the award of arbitrators, nor until the award is accepted and confirmed by the court.

4.  The award is not attested by any subscribing witness.

5.  Consent cannot give jurisdiction of the subject matter of the action, and the stipulation of the parties does not obviate the objection.

6.  There is no 50-cent revenue stamp upon the submission, award, or any other paper in the cause.

The court below granted the motion, and also rejected the award. The plaintiff appeals from the order made therein to this court.

LEWIS BROWNELL, for appellant.

I.  The statute does not require the award to be transmitted to the court at a term of the court, and the award was properly returned.

The original agreement gave the arbitrators and the court jurisdiction over the cause.   See *Heath v. Tenney*, 3 Gray, 380.

The award being made and "reported to the court," and "transmitted to the clerk of the court," as required by law, and the court having jurisdiction over the subject matter, there is no question of jurisdiction in the case.

Upon this point our law is entirely different from the Massachusetts law, under which the decision in 13 Gray, p. 300, was made, upon which the respondents rely.

Were our statute the same as the Massachusetts law, the last agreement prevents the decision in 13 Gray applying to this case.  *Malcom v. Rogers*, 5 Cow. 188 ; *Mayor of New York v. Furze*, 3 Hill, 612.

The District Court is a court of undefined and unlimited jurisdiction.   See *Agin v. Heyward*, 6 Minn. Rep. 113 and 114.

The statute however, expressly gives jurisdiction to the District Court over the subject matter of arbitrations, and the proceedings gave jurisdiction over the person of the parties, and jurisdiction was complete.

II.   Suppose there had been any irregularity either in the time or manner of returning the award, it is certainly competent for the parties to waive such irregularities, and they have done so by the last agreement.   See *Choteau et al. v. Rice et al.*, 1 Minn. Rep. 193 ; *Dodd v. Cody*, 1 Minn. Rep. 291 ; *Ames v. Boland*, 1 Minn. Rep. 365 ; *Ames v. Miss. Boom Co.*, 8 Minn. Rep. 470.

The case of *Rothburn v. Moody*, 4 Minn. Rep. 365, cited by the respondents in the District Court, only confirms this rule.

The respondents cannot be permitted to raise this objection because of the last agreement.

It is only when the statute does not confer upon the court jurisdiction over the subject matter, that the rule that "consent cannot confer jurisdiction" applies.   See cases cited above ; also *Cunningham v. Bucklin*, 8 Cow. 178 ; *Dudley v. Mayhew*, 3 N. Y., (3 Cow.) 9.

III.   The judgment was correctly entered up in the District Court.

Even without the last agreement, judgment might have been regularly entered up in vacation.   The award stands as a referee's report.   See Sec. 11 of said Chap. 85.

Upon a referee's report, it is the correct practice to enter judgment without confirmation by the court.   See Compiled Statutes, Chap. 61, Secs. 54 and 71 ; 8 Minn. Rep. p. 469 and 470 ; District Court Rules 28, 37 and 38 ; also New York Code, Sec. 272.

But if it were not regular to enter judgment without confirmation in vacation, the consent of the defendants makes it proper, and the objection is waived by the last agreement. See *Hughes v. Bywater*, 4 Hill, 551, and cases there cited.

It is a maxim as old as courts of law, that *consensus tollit errorem*.   See Broom's Legal Maxims, p. 59 and 6, marginal paging.

It would have been an idle and useless ceremony to have gone before a judge of the court for confirmation, as the defendants had waived all objections and could not have been heard by the court to object at all, because they had agreed not to object.

IV. The objection for want of a subscribing witness is waived, and cannot be raised at all. The legal presumption is that the parties knew of this defect when they executed the last agreement, but at all events whether they knew it or not, they are bound by the agreement. See *Raymond v. Lent*, 14 John. 401 ; *Daniels v. Willis*, 7 Minn. Rep. 374.

But had this defect not been waived, the court had no authority to vacate the award upon any of the grounds raised by the defendants. See Sec. 13 of said Chap. 85.

If the judgment could not, even with the consent of the parties, be entered without confirmation, as the defendants had waived all objections to the award, it was the duty of the District Court to have confirmed the award as a matter of course.

The District Court can only reject the award for a "legal and sufficient reason." See Sec. 12 of said Chap. 85.

V. All the papers were properly stamped. The statute calls the original agreement "an agreement in writing," and an agreement stamp is all that was required.

But this objection, if it existed, is waived by the last agreement.

VI. The principle upon which this award is sought to be set aside is radically unsound. It is, that all statutory proceedings must be strictly followed, and nothing, however trifling, can be omitted, and nothing can be waived, and that any party agreeing to waive immaterial irregularities or defects, can at any time move the court to vacate proceedings to which he has consented upon objections which he has waived. See *Beekman v. Kirk*, 15 How. Pr. Rep. 228, and N. Y. Code, Sec. 383. .

VII. To set aside the award or judgment is a palpable violation of substantial justice to the merest technicality, and will establish a rule that will forever make an arbitration avoided as a forum where none but the most astute legal practitioner can even hope to follow in the straight and narrow path required by the court.

Cole & Case, for respondents.

*First*—Every submission to arbitrators under the statute must be so drawn as to include in the time within which the arbitrators are to make their report, a general term of the District Court, and the submission must follow the statute. The material sections of our statute are transcripts of those of Massachusetts. Secs. 3, 8, 11, 12, 15, 16, 19, Ch. 85, Comp. Stat. ; Secs. 2, 6, 7, 8, 9, 10, Ch. 114, R. S. Mass. of 1836.

From these sections it will be seen that judgment cannot be rendered until the award is accepted and confirmed by *the court*; (Secs. 12 and 16 Minn. ; Sec. 9 Mass.) it must be opened and acted upon at some term or session thereof held within the time limited in the submission, (Sec. 15 Minn. ; Sec. 10 Mass.) and the clerk in vacation has no authority to enter judgment, nor has the court any jurisdiction over the award, and can enter no judgment upon it at a term held after the time limited in the submission, unless the time is extended as required by statute. *Burghart v. Owen*, 13 Gray, 300 ; *Mott v. Anthony* 5 Mass. 489 ; *Southworth v. Bradford*, 5 Mass. 523 ; *Durell v. Merrill*, 1 Mass. 418 ; *Eaton v. Framingham*, 6 Cush. 245.

*Second*—If, then, the court or clerk would have acquired no jurisdiction by virtue of these proceedings, in the absence of stipulation, it is submitted that consent cannot confer jurisdiction over the subject matter of an action. The statute confers a special and limited jurisdiction, and must be strictly followed ; it is not competent, therefore, for the parties, by contract, to abrogate the statute by changing the mode of

proceeding, or conferring any other or different authority or jurisdiction than that by law prescribed. *Foster v. Durant,* 2 Cush. 544; *Rathburn v. Moody,* 4 Minn. 364; *Dodd v. Cady,* 1 Minn. 289 ; *Ames v. Roland,* 1 Minn. 365 ; *Heath v. Teney,* 3 Gray, 380 ; *Sam'l Eddy,* 6 Cush. 28 ; *Lawrence v. Farmers Loan and Trust Co.,* 3 Kernan,. 200 ; *Abbott v. Dexter,* 6 Cush. 108.

*Third.*—To these apparently conclusive objections to the judgment, the appellant opposes the cases of *Daniels v. Willis,* 7 Minn. 374 ; *Yeates v. Russell,* 17 Johns, 461 ; *Hughes v. Bywater,* 6 Hill, 551.

An apparent but delusive analogy has concealed from the counsel a real distinction.

The maxim " *consensus tollit errorem,*" upon which the first two cases were decided, has no application when jurisdiction is involved.

We repeat, that consent may waive error, but cannot confer jurisdiction. The counsel is not alone. In the case of *Hughes v. Bywater,* Judge Cowen, in attempting to apply the principles of *Yeates v. Russell* to a different state of facts, fell into the same error. That case was a proceeding regularly in court, and the stipulation only named a particular form of trial. Judge Cowen, perceiving the difficulty, attempts to extricate himself from it by alleging that in *Yeates v. Russell* the agreement for a reference was out of the case.

This hasty assumption is not sustained by the case, and the uniform construction placed upon it by subsequent decisions. *Camp v. Clark,* 18 Johns, 22; *Ex parte Wright,* 6 Cowen, 399; *Farrington v. Hamblin,* 12 Wend. 212.

The case of *Hughes v. Bywater,* is not in point here, as it does not appear to have been made under any statute, and as an attempt to bring a common law arbitration within the jurisdiction of the court, it is directly opposed to *Foster v.* *Durant,* 2 Cush. 544.

Lovell v. Wheaton et al.

*Fourth.*—If the conclusions of the judge in *Hughes v. Bywater* were accepted as correct and applicable here, the want of an adequate revenue stamp would present an insuperable objection to the validity of the judgment. Revenue Laws, p. 91, Legal Documents.

*Fifth.*—The award being without a subscribing witness, was properly rejected by the court, (Secs. 9 and 12, Ch. 85, Comp. Stat.,) and no judgment could be legally rendered upon it, either by court or clerk. The stipulation did not cure the objection, as that only had reference to a valid award, and the parties could not be bound by an irregular and void award, by reason of a stipulation, not only made in ignorance of such irregularity, but before it occurred. *Hollenbeck v. Fleming,* 6 Hill, 303.

*By the Court*—Wilson, Ch. J.—The submission in this case having been properly executed, conferred jurisdiction on the arbitrators, and the filing of the award with the clerk, we think, gave the District Court jurisdiction. If the court thus acquired jurisdiction, it was competent for the parties to waive all objections to the award on account of formal errors and irregularities, and to authorize the clerk to enter judgment thereon at once, without confirmation by the court. *Hughes v. Bywater,* 4 Hill, 551; *Yeates v. Russell,* 17 John. 461; *Daniels v. Willis,* 7 Minn. 374; *Farrington v. Hamblin,* 12 Wend. 212.

The errors complained of being purely formal and technical, affecting neither the rights of either party, nor the merits of the controversy, and the parties having expressly waived "all appeal, writ of error, and other review, of whatever kind, which might or could be taken of or from said award, and of or from said judgment," neither can, legally or in good faith, question the award or judgment, except on account of fraud. See authorities above cited.

We think it is not essential to the validity of proceedings of this kind, under our statute, that a general term of the court should intervene between the time of the submission and return of the award. On account of the difference between the statute law in Massachusetts, and in this State, the authorities cited by respondents' counsel are inapplicable in this case. In Massachusetts the statute requires the award to be returned to "*the court.*" In delivering the opinion of the court in *Burghart v. Owen,* 13 Gray, 301, Bigelow, J., says : "The Court of Common Pleas had no jurisdiction of the award in this case. It was not returned within the time limited by the submission, and the court had no authority to receive it afterward. The filing of the award in the clerk's office within the year (the time limited by the submission for the return of the award) gives it no validity. By the express terms of the submission, under the Rev. Stat., it must be returned to the court; this can only be done at a term or session. The clerk has no authority to receive it, nor are the parties required to take notice of the award, or any proceedings under it, except in court." It is manifest that our statute will not bear such a construction. By its express terms the award may be returned by a delivery or transmission "*to the clerk.*" This return is sufficient, because the statute so provides. But if we wish to enquire as to the propriety or reason of the provision, the whole theory of our law furnishes ample and satisfactory illustration. When the statute concerning arbitration was enacted, our law provided that in addition to the regular terms of the District Courts, the said courts should always be open for the transaction of any business which might be heard and determined by the court. In a case of this kind, the award might have been accepted and confirmed, and judgment might have been entered thereon as well in vacation as at a general term. In Massachusetts, where we presume such business could not be transacted save *at a term* of the court, and under a *statute* requiring a return to be made " *to the court*," it is not difficult

to understand why the courts should hold that such return could only be made at a term or session of the court, and that the clerk had no authority to receive the award.    But to hold so in our State, would be in utter disregard of both the letter and reason of the law.    Sec. 11 of the Arbitration Act provides that " the court to which the award is returned shall have cognizance thereof in the same manner, and the same proceedings shall be had thereon, as if it had been made by referees appointed by a rule of the same court."    It has never been held, nor are we aware that it has ever been claimed, that a referee's report can only be returned at a term of the court.    The theory and design of our laws were that all such business—for the disposition of which a jury could not be required—should, or at least might be, transacted in vacation. In the language of the statute, the court was always open for the transaction of such business.

When our statute provides that the award shall be delivered or transmitted to the clerk, and that the time within which it shall be made and reported " may be varied according to the agreement of the parties," and when there is no reason for holding that it should be made at any particular time or at any term of the court, we think it is obvious that it was not the intention to require it to be made at any such term.    Sec. 15 of the Arbitration Law provides, that " the award may be returned at any term or session of the court that may be held within the time limited by the submission, and the parties shall attend at every such term or session without any express notice for that purpose,    *    *    but the court may require actual notice to be given, &c."    To this section we are referred, as being in conflict with the views above expressed.    The word *may*, in statutes, means *must*, or *shall*, only in cases where the public interests or the rights of third persons require it to be so construed.    *Newburgh Turnpike Co. v. Muller*, 5 John. Ch. R. 113 ; *Malcom v. Rogers*, 5 Cowen, 192 ; Blackwell on Tax Titles, (2d Ed.,) 615–16, and cases

there cited. Words are to be understood according to their most known and popular use, and the primary and common use of the word may, is not imperative, but enabling only. *Williams v. People*, 24 N. Y. R. 408-9. No reason here existing to indicate the contrary, we must presume that the Legislature used the word in its popular and ordinary acceptation. By an examination of the other sections of this chapter, it will be found that this word is not used in an imperative sense—when that meaning is to be conveyed, the word *shall*, or *must*, is invariably used throughout the chapter. The Legislature have thus given us a key to the sense to be attached to the word in the section referred to. We conclude, therefore, that though Sec. 15 permits, it does not require the return to be made at a term or session of the court, and that it is not necessary that such term or session should intervene between the time of the submission and return of the award. If the award is returned to the clerk within the time limited it is sufficient. It is argued that there was in law no award, it not having been attested by a subscribing witness. It is true that the award as made could not have been enforced, as it did not comply with the requirements of the statute, but we think it was not a nullity. By Sec. 8 of said chapter, it is provided that "no award made after the time agreed upon, shall have any legal effect or operation." Sec. 9 provides that " to entitle an award to be enforced, it must be in writing, subscribed by the arbitrators, and attested by a subscribing witness." An award that cannot be enforced is not, therefore, necessarily void, for it will be observed that the court may recommit or modify, which equally implies errors in the award, and jurisdiction in the court. The difference of phraseology in Secs. 8 and 9 above quoted, would seem to indicate that the Legislature did not intend to declare the errors or omissions mentioned in these sections equally fatal. An award not returned in time is declared to have " *no legal effect or operation*," while an award not attested by a subscribing witness is

"*not entitled to be enforced.*"   No award that does not come up to the requirements of the statute is entitled to be enforced, but the court may modify or recommit such award; while it may perhaps be true that an award that has "*no legal effect*" would not confer jurisdiction either to recommit or modify. Sec. 12, authorizing the court to recommit for a rehearing, is enabling, and restrictive, and does not forbid a recommitment where a rehearing is unnecessary.  Sec. 11, conferring the same power on the court over the award as if it had been made by referees, gives the court ample authority and power to recommit for such amendment as is here required, as well as generally. *Blood v. Robinson*, 1 Cush. 389.

One other objection is interposed :   The want of the proper revenue stamp on the submission papers or award.   We cannot say on which the respondent's counsel claims the stamp should be placed.   We are unable to find any provision of the revenue law requiring such a stamp upon either.   There was a stamp such as is required on "an agreement" placed on the submission ; but it is claimed that one of the papers was in the nature of "original process," and therefore subject to a stamp duty of fifty cents.   The revenue law provides that a "writ, or other original process," by which a suit is commenced in any court of record, shall be stamped with a revenue stamp of the denomination of fifty cents.   There is no paper in this case that can, with any propriety, or in any legal or ordinary acceptation of the term, be called a "writ" or "*other original process.*"   This objection, therefore, cannot prevail.

The order appealed from is reversed.