## COMMONWEALTH *vs.* ROBERT SMITH.

The Gen. Sts. *c.* 19, § 15, and St. of 1870, *c.* 227, provide that "the city marshal or other police officer, or the city treasurer, may prosecute for all fines and forfeitures which may enure to the city." *Held*, that a constable of a city could not prosecute for such a fine, and that the objection could be taken after a plea of not guilty to a complaint by him.

COMPLAINT to the Municipal Court for the Southern District of the city of Boston, by Benjamin Merriam, a constable of said city, for a violation of the Gen. Sts. *c.* 26, § 47, relating to the public health, by neglecting to give notice to the board of health of Boston that a person within the family of the defendant, who lived in Boston, was taken sick of small-pox.

At the trial, on appeal, in the Superior Court, before *Bacon*, J., the defendant pleaded not guilty, and after the Commonwealth had rested its case, he requested the judge to rule that the complaint could not be maintained, inasmuch as the complainant had no authority to prosecute; but the judge refused so to rule. There were other questions in the case, which it is not now necessary to state.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. Woodside*, for the defendant.

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

AMES, J. The principal question raised in this case is disposed of by the decision of this court in *Commonwealth* v. *Fahey*, 5 Cush. 408. That case arose under the St. of 1849, *c.* 211, § 7, which provided that "all fines and forfeitures, incurred under the general laws, or the special laws applicable to any town or city, or the ordinances, by-laws, and regulations of any town or city, relating to health, shall enure to the use of such town or city; and may be recovered by complaint in the name of the treasurer." It was held by the court in that case, substantially, that the word "may" was equivalent to "shall," and that the power to collect such fines was vested exclusively in the treasurer.

The prosecution in the present case rests upon statute provi‑
sions, which, so far as this point is concerned, are identical with
the statute commented upon in *Commonwealth* v. *Fahey*, the only
difference being that the authority to make the complaint is given
to the city marshal, or other police officer, and not confined to the
treasurer. Gen. Sts. *c.* 19, § 15 ; *c.* 26, § 50. St. 1870, *c.* 227.
The complaint in this case was made by a constable ; but as the
term " police officer " is used in the statutes (Gen. Sts. *c.* 18,
§ 38) to describe a class of officers who are not constables, the
complainant cannot be called a police officer for this purpose. It
is not for us to say that there is no manifest reason for giving this
authority to one set of officers, to the exclusion of another set.
*Ita lex scripta est*, and it can only be administered according to
its terms.

As this objection goes to the jurisdiction, it cannot be said to
have been waived by the plea of not guilty. The complaint must
therefore be                                                *Dismissed.*