## COMMONWEALTH *vs.* WARREN W. RAWSON.

Middlesex.    February 27, 1903. — June 16, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Criminal.    Municipal Corporations, By-law.    Swine.*

A prosecution for the violation of a by-law of a town adopted under R. L. c. 25, § 23, can be begun only by a complaint before a police, district or municipal court or a trial justice, instituted by the town treasurer, and cannot be begun by indictment in the Superior Court.

A by-law of a town, adopted when the town had a board of health having jurisdiction of offensive trades and employments under R. L. c. 75, § 91, providing that no person should keep within the limits of the town more than five swine, exclusive of the offspring of the five less than four months old, is invalid as against a person engaged in the business of keeping swine in that town.

INDICTMENT found and returned in the Superior Court for the County of Middlesex on September 25, 1902, for unlawfully keeping within the limits of the town of Arlington one hundred and seventy-one swine each more than four months old, in violation of section two of article ten of the by-laws of that town.

At the trial in the Superior Court before *Lawton*, J., the judge overruled a motion to quash the indictment. It was proved that

the defendant kept more than one hundred and seventy-one swine as alleged, in addition to five swine and exclusive of ten offspring less than four months old of the five swine. It was proved and admitted that the town of Arlington had, in the years 1901 and 1902, a duly elected and qualified board of health. The chief of police of the town, called as a witness by the Commonwealth, testified on cross-examination, that he was on the defendant's premises on September 25, 1902, and counted the number of swine named in the indictment kept there by the defendant, that the premises were cleanly, and the business there conducted by the defendant in keeping swine was conducted in the best possible manner. The defendant offered similar evidence, which was excluded by the judge. The judge refused to make the rulings requested by the defendant. He instructed the jury that as matter of law the by-law was a reasonable one, and that if they found that the defendant had violated it they should find him guilty.

The jury returned a verdict of guilty, and the judge overruled a motion in arrest of judgment. The defendant alleged exceptions, raising the questions stated by the court.

The by-law in question was approved by the Superior Court on November 5, 1901, and was as follows: "No person shall keep any swine within a distance of fifty feet of any public way or place, or within a distance of one hundred feet of any dwelling-house not his own, or within a distance of twenty-five feet of his own dwelling-house. No person shall, after January 1st, 1902, keep within the limits of the town more than five swine, exclusive of offspring less than four months old of said five swine. Whoever violates any of the provisions of this section shall be punished by fine not exceeding twenty dollars for each offence."

*J. F. Manning*, for the defendant.

*G. A. Sanderson*, District Attorney, for the Commonwealth.

KNOWLTON, C. J. This is an indictment for violation of a by-law of the town of Arlington, forbidding the keeping by any person of more than five swine, exclusive of offspring less than four months old of said swine, within the limits of the town. The only authority for the adoption of a by-law of this kind is found in the statutes which are now embodied in the R. L. c. 25,

§ 23.   The last part of the first paragraph of this section is as follows: "They may, except as hereinafter provided, affix penalties for breaches thereof not exceeding twenty dollars for one offence, which may be recovered on complaint before a police, district or municipal court or a trial justice, and shall inure to the town or to such uses as it may direct." Section 73 of the same chapter says of the town treasurer that "unless otherwise provided, he shall prosecute for all fines and forfeitures inuring to the town." The first question is whether prosecutions for violations of this by-law can be begun by indictment, or whether the mode of recovery provided in the sentence first above quoted is the only authorized mode under our statutes. In *Commonwealth* v. *Fahey*, 5 Cush. 408, the St. 1849, c. 211, § 7, was under consideration, which provides that "all fines and forfeitures incurred under the general laws, or the special laws applicable to any town or city, or the ordinances, by-laws, and regulations of any town or city, relating to health, shall inure to the use of such town or city; and may be recovered by complaint, in the name of the treasurer." It was decided that a prosecution under this statute could be maintained only upon a complaint in the name of the treasurer, and a complaint made by a police officer was held fatally defective. The Gen. Sts. c. 19, § 15, as amended by the St. 1870, c. 227, provides that "The city marshal or other police officer, or the city treasurer, may prosecute for all fines and forfeitures which may inure to the city," and it was held in *Commonwealth* v. *Smith*, 111 Mass. 407, that a prosecution begun by a constable to recover a fine inuring to the city, could not be sustained. This language in the statute appears without change in the Pub. Sts. c. 28, § 26, and again in the R. L. c. 26, § 39. The case last cited would be an authority covering identically the question now before the court, if this prosecution was to recover a penalty under a city by-law or ordinance, instead of under a town by-law. The statutes in the two classes of cases are the same, except that under the R. L. c. 25, § 73, the prosecution in towns must be begun by the treasurer, while in cities the city marshal and police officers also have the same authority as the treasurer. Under these decisions, we are of opinion that prosecutions under town by-laws authorized by this section, can be

begun only by a complaint before the police, district or municipal court, or a trial justice, instituted by the town treasurer. *Commonwealth* v. *Haynes,* 107 Mass. 194, and *Commonwealth* v. *Gay,* 153 Mass. 211, arose under different statutes and are plainly distinguishable.

Our conclusion that such prosecutions are to be begun by complaint and not by indictment in the Superior Court, is strengthened by the provisions of R. L. c. 221, § 1, in regard to the disposition of fines paid in the different courts; although, in view of the sections immediately following in the same chapter, we should not deem these provisions decisive if they stood alone.

Another question is whether the by-law is valid. As applied to a case like the present, it purports to relate to the exercise of an employment within the meaning of the R. L. c. 75, § 91. *Commonwealth* v. *Young,* 135 Mass. 526. Jurisdiction in such matters is given to the board of health of cities or towns. As to the validity of an order of the board of health forbidding the exercise of an employment on the ground that it is " a nuisance, or hurtful to the inhabitants, injurious to their estates, dangerous to the public health or is attended by noisome and injurious odors," the party affected is entitled to a trial by jury in the Superior Court. R. L. c. 75, § 95. *Sawyer* v. *State Board of Health,* 125 Mass. 182. It was intimated in *Commonwealth* v. *Patch,* 97 Mass. 221, 223, that in a case of this kind, the person exercising an employment could not be cut off from this right to a trial by jury by the adoption of a by-law or an ordinance. At the time when this by-law was adopted, there was in the town of Arlington a board of health which had jurisdiction of such employments. In this respect the case is unlike *Commonwealth* v. *Patch, ubi supra.* We are of opinion that the inhabitants of the town were not authorized to adopt a by-law prohibiting the exercise of the defendant's employment under the circumstances which appear in this case.

*Exceptions sustained.*