HAMPDEN TRUST COMPANY, executor, *vs.* FREDERICK L. LEARY & others.

Hampden.    September 27, 1904. — October 27, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Executor. Trust. Deed,* Construction. *Words,* "May."

Ordinarily payments made by an executor for expenses of defending the estate from claims deemed to be unjust, of proving the will and of resisting an attack upon it by persons interested in preventing its allowance, are allowed in the executor's account as properly payable from the testator's personal estate.

A testator by his will disposed of all his personal property, which was substantial in amount. On the same day that he executed the will he had conveyed all his real estate to a trust company, which was named as executor in his will, upon certain trusts. The trust deed contained the following provision: " After my death said trustee may use as much of the income from said property as may be necessary, or the proceeds of the sale of the property, in defending my estate from any claims which it deems to be unjust, and particularly in defending any proceedings brought to invalidate this trust; also for the sustaining of said trust and the probate, or sustaining of my will dated this day, and to defend any attack against said will." The will recited the provisions of the trust deed and was made subject to them. The trust company as executor under the will in-

cluded in its first account payments made by it for expenses of defending the estate from claims deemed to be unjust, of proving the will and of resisting an attack upon it by persons interested in preventing its allowance. The allowance of these items in the executor's account was opposed on the ground, that the trust deed made such payments a charge upon the real estate. *Held,* that the items properly were allowed in the executor's account, the words "may use" in the provision of the trust deed above quoted being permissive and not mandatory, this conclusion being strengthened by the difference in the meaning of the words "may" and "shall" as used in other clauses of the trust deed.

APPEAL from a decree of the Probate Court of the county of Hampden allowing certain items in the first account of the Hampden Trust Company as executor under the will of Samuel D. Currier, late of Springfield.

The case came on to be heard before *Hammond,* J., who reserved and reported it for determination by the full court. If the charges for payments made by the executor for expenses incurred by it in defending the estate from claims which it deemed unjust and in the probate or sustaining of the testator's will and in defending an attack against the will properly were payable by the appellee as executor, the decree of the Probate Court was to be affirmed. If such charges, or any of them, should be paid by the appellee as trustee under the trust deed, and not as executor of the will, then the case was to be referred to an assessor to determine the amount of such charges.

The clauses of the trust deed referred to in the last paragraph of the opinion, as showing the difference in the meaning of the words "may" and "shall" in those clauses, were as follows:

"Fourth. Within five years from the death of said Mary J. De Moe, said trustee shall sell and convey all of said real estate at public auction or private sale, as it deems best, and the proceeds of sale, less the amount of the mortgages or incumbrances on any of said tracts of real estate, and any property in its hands as trustee shall be disposed of and paid by said trustee as follows: one-quarter of said amount to the person who shall be at that time the Treasurer of Hampden Lodge of Ancient Free and Accepted Masons of said Springfield, to be made a part of the general funds of the lodge, and to be used for the general purposes of the lodge.

"The remaining three-fourths of said amount is to be paid to Newrie D. Winter, of said Springfield, to be his own property.

"Fifth. Said trustee may, at any time after my death, sell and convey any and all of said trust property at its discretion, at public auction or private sale, and may invest, sell and re-invest the proceeds at its discretion.

"Sixth. Said trustee shall, at any time during my life, when requested by me in writing, sell and convey any and all of said property to such persons and for such sums as I shall designate, and the proceeds of such sale shall either remain subject to this trust or be free from it, as I shall in writing request.

"Seventh. Said trustee shall re-convey any or all of said property to me or to such persons as I shall designate, without compensation, whenever I shall so request in writing.

"Eighth. Upon a sale of any of the said property by said trustee, the purchaser shall take the property free from this trust, and shall not be answerable for the application of the purchase money.

"Ninth. After my death said trustee may use as much of the income from said property as may be necessary, or the proceeds of the sale of the property, in defending my estate from any claims which it deems to be unjust, and particularly in defending any proceedings brought to invalidate this trust; also for the sustaining of said trust and the probate, or sustaining of my will dated this day, and to defend any attack against said will."

"Eleventh. Said trustee may retain out of the income or proceeds of sale, a reasonable sum for its services, for counsel fees and for its expenses, and the services of agents, and is only to be liable for its own wilful misconduct, negligence or default and not for the misconduct, negligence or default of its agents selected with reasonable care and diligence."

*J. B. Carroll & W. H. McClintock*, for the appellants.

*S. S. Taft & E. P. Kendrick*, for the appellee.

KNOWLTON, C. J. This is an appeal from a decree of the Probate Court, allowing an executor's account. The only items which are objected to by the appellants are for payments made by the executor for expenses of defending the estate from claims which were deemed unjust, and of proving the will, and of resisting an attack upon it by persons interested in preventing its allowance. No question is made in regard to the amount of

the items if they were properly chargeable in the executor's account. Plainly they are of a kind that ordinarily are allowed in the accounts of executors, and are properly payable out of the personal estate of testators. R. L. c. 140, § 3; c. 146, § 1. *Hewes* v. *Dehon*, 3 Gray, 205.

The objection to their allowance is founded entirely upon the fact that, on the same day on which the will was executed, the testator made a deed of his real estate to the trust company which was named in the will as executor, conveying all his real estate upon certain trusts. The ninth clause of the deed is as follows: " After my death said trustee may use as much of the income from said property as may be necessary, or the proceeds of the sale of the property, in defending my estate from any claims which it deems to be unjust, and particularly in defending any proceedings brought to invalidate this trust; also for the sustaining of said trust and the probate, or sustaining of my will dated this day, and to defend any attack against said will." The will recites the provisions of the deed of trust and is made subject to them, with a scheme for the disposition of the property conveyed by the deed, in case the deed should be set aside. The testator had a substantial amount of personal property which was disposed of by the will. No proceedings were brought to set aside the deed, except so far as its validity was involved in the controversy as to the validity of the will.

The account was rightly allowed, unless the ninth clause of the deed made the expenses of sustaining the will, in view of the objections to it, a charge upon the real estate conveyed in trust which it was the duty of the trustee to pay out of the trust property. The appellants contend that the word " may " in the ninth clause of the deed, taken in connection with the will and the other parts of the deed, must be held to mean "must."

We will not pass upon the contention of the executor that, even if the trustee ultimately should pay these expenses under the deed, they should still be allowed first in the executor's account, as primarily chargeable upon the estate left by the testator. But we will assume, without deciding, that inasmuch as the same corporation is both trustee and executor, if these sums were to be paid out of the trust property the corporation would be chargeable in its executor's account for an amount as

assets of the estate equal to the sum which it ought to have paid as trustee for the benefit of the estate held by the executor.

It is a familiar rule of law that the language of a written instrument is ordinarily to be construed according to its plain and natural meaning. This rule applies unless there is something in the particular case which obliges the court to give the words a different meaning. *Minor* v. *Mechanics Bank*, 1 Pet. 46, 64. *Moran* v. *Prather*, 23 Wall. 492, 501. *Hill* v. *Hill*, [1897] 1 Q. B. 483, 486. *Mallan* v. *May*, 13 M. & W. 511, 517. The word "may," in its primary and common use, is enabling only, not imperative. *Commonwealth* v. *Haynes*, 107 Mass. 194, 197. *Commonwealth* v. *Chance*, 174 Mass. 245, 247. *Newburg Turnpike Co.* v. *Miller*, 5 Johns. 101, 113. *Williams* v. *People*, 24 N. Y. 405, 409. *McIntyre* v. *McIntyre*, 123 Penn. St. 329. *Lovell* v. *Wheaton*, 11 Minn. 92, 101. A different meaning is sometimes given to it in the construction of statutes, where the rule seems to be, "that the word 'may' means 'must' or 'shall,' only in cases where the public interest and rights are concerned, and where the public or third persons have a claim, *de jure*, that the power should be exercised." *Newburg Turnpike Co.* v. *Miller, ubi supra.* *State* v. *Sweetsir*, 53 Maine, 438, 440. *Bolling* v. *Mayor of Petersburg*, 3 Rand. (Va.) 563, 580.

In view of these familiar rules of construction, and especially when we notice the difference in the meaning of the words "may" and "shall" in clauses four, five, six, seven, eight, nine and eleven of this deed, we think it quite plain that the deed does not require the trustee to pay these expenses out of the trust estate, and that therefore the items objected to were rightly allowed in the executor's account.

*Decree affirmed.*