COMMONWEALTH *vs.* ABRAHAM W. MEKELBURG.

Suffolk.  March 8, 1920. — March 31, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Bastardy. Pleading, Criminal,* Indictment. *Superior Court. Words,* "*May.*"

The Superior Court has jurisdiction under St. 1913, c. 563, § 1, to proceed by indictment against one who gets a woman with child, not being her husband.

INDICTMENT, found and returned on April 11, 1918, charging the defendant with getting a woman with child, not being her husband.

In the Superior Court the defendant moved that the indictment be quashed on the following grounds:

"1. That the alleged offence is not the subject of indictment.

"2. That proceedings for the alleged offence can be prosecuted only upon a complaint in the municipal, district or police court, having jurisdiction in the place where the defendant lives, and if there be no such court having jurisdiction, in the place where the mother of the illegitimate child lives."

The motion was heard by *J. F. Brown,* J., and was overruled; and, being of the opinion that the question raised by it ought to be determined by this court before further proceedings, the judge, with the consent of the defendant, reported the case for determination.

St. 1913, c. 563, § 1, reads as follows: "Whoever, not being the husband of a woman, gets her with child shall be guilty of a misdemeanor.  Proceedings under any section of this act may be begun in the municipal, district or police court having jurisdiction in the place where the defendant lives, and if there be no such court, then in any municipal, district or police court in the county; or in the municipal, district or police court having jurisdiction in the place where the mother of the illegitimate child lives; and if there be no such court, then in any municipal, district or police court in the county.  If no court has jurisdiction as aforesaid, proceedings may be begun before a trial justice in the county where such defendant or such mother lives."

The case was submitted on briefs.

*H. P. Fielding,* Assistant District Attorney, for the Commonwealth.

*G. E. Roewer, Jr.,* & *J. Bearak,* for the defendant.

CROSBY, J.  The defendant was indicted in one count, under St. 1913, c. 563, § 1, charging that on November 10, 1917, not being the husband of a woman therein named, he did get her with child.  He filed a motion to quash on the ground that the alleged offence is not subject to indictment, and that proceedings under the statute can be prosecuted upon a complaint only in a municipal, district or police court having jurisdiction in the place where the defendant lives, and if there be no such court having jurisdiction, in the place where the mother of the illegitimate child lives.

The first sentence of § 1 provides that "Whoever, not being the husband of a woman, gets her with child shall be guilty of a misdemeanor."  R. L. c. 215, § 1, provides that "A crime which is punishable by death or imprisonment in the State prison is a felony.  All other crimes are misdemeanors."  The act described in the statute is thereby made a criminal offence; proceedings of this nature previously were regarded as being civil rather than criminal proceedings.  R. L. c. 82, § 22.  *Corcoran* v. *Higgins,* 194 Mass. 291.  The question is, does the statute limit proceedings thereunder exclusively to those begun in the municipal, district or police courts, or before trial justices.

As the proceedings may be brought in the courts referred to in § 1, it is obvious that the jurisdiction of the Superior Court is not expressly excluded.  Although the word "may" in statutory construction is sometimes used as a synonym for "shall" or "must," still the ordinary signification of the word is that it is permissive and not mandatory.  *Commonwealth* v. *Haynes,* 107 Mass. 194, 197.  *Commonwealth* v. *Chance,* 174 Mass. 245, 247.  In the construction of statutes the rule seems to be that the word "may" means "must" or "shall" only in cases where the public interest is concerned, or where the public or third persons have a claim *de jure* that the power should be exercised.  *Hampden Trust Co.* v. *Leary,* 186 Mass. 577.  *Cheney* v. *Coughlin,* 201 Mass. 204, 211, 212.  *Williams* v. *People,* 24 N. Y. 405, 409.  *Medbury* v. *Swan,* 46 N. Y. 200.  *State* v. *Sweetsir,* 53 Maine, 438.  *Continental*

*National Bank* v. *Folsom,* 78 Ga. 449, 456. *Fresno National Bank* v. *Superior Court of San Joaquin County,* 83 Cal. 491. The interpretation to be placed upon the statute is to be determined from its apparent intention as gathered from the context as well as from the language of the particular provision. So interpreted we see no valid reason for holding that it should not be regarded as permissive in accordance with the general rule.

The defendant relies on the cases of *Commonwealth* v. *Fahey,* 5 Cush. 408, and *Commonwealth* v. *Smith,* 111 Mass. 407, in support of his contention. In *Commonwealth* v. *Fahey,* a complaint was made by a police officer to recover a penalty imposed by a by-law of the city of Boston for burying a dead body illegally. The defendant contended that under St. 1849, c. 211, § 7, the complaint should have been made by the city treasurer. The statute provided that "All fines and forfeitures . . . shall enure to the use of such town or city; and may be recovered by complaint, in the name of the treasurer . . ." It was held that such fines and forfeitures were recoverable by complaint in the name of the treasurer only. In *Commonwealth* v. *Smith,* a complaint was made by a constable of the city of Boston against the defendant for a violation of Gen. Sts. c. 26, § 47, relating to the public health. It was provided by Gen. Sts. c. 19, § 15, as amended by St. 1870, c. 227, that "The city marshal or other police officer, or the city treasurer, may prosecute for all fines and forfeitures which may inure to the city." The court held on the authority of *Commonwealth* v. *Fahey, supra,* that as a constable was not a police officer the complaint must be dismissed. In *Commonwealth* v. *Haynes,* 107 Mass. 194, the defendant was indicted under St. 1868, c. 263, § 1, for selling adulterated milk knowing it to be adulterated; the penalty for the first offence was $100, and by § 2 "may be recovered on complaint before any court of competent jurisdiction." The defendant contended that the word "complaint" was technical and that the language of the statute did not authorize an indictment. It was held that the Superior Court had jurisdiction to proceed by indictment. In other cases it has been held that where by statute it is made the duty of a certain officer to make a complaint, the statute is merely directory and does not exclude any other competent person from making a complaint for violation of the law. *Commonwealth* v. *Gay,* 153 Mass. 211. *Commonwealth* v.

*McDonnell,* 157 Mass. 407. In *Commonwealth* v. *Rawson,* 183 Mass. 491, the defendant was indicted for violation of a by-law of a town adopted under R. L. c. 25, § 23. Section 73 of the same chapter recites that "unless otherwise provided, he shall prosecute for all fines and forfeitures inuring to the town." It was held that under the decision of *Commonwealth* v. *Fahey, supra,* and *Commonwealth* v. *Smith, supra,* the indictment could not be sustained.

The cases above referred to were decided under statutes different from that under consideration. We are of opinion that the statute in question is distinguishable from those therein construed, each of which related to the recovery of fines and forfeitures or penalties to the use of a city or town for violation of a statute, ordinance or by-law, and where the person authorized to make the complaint was specifically designated. As the statute under which the defendant was indicted is of general application, and as the Superior Court which has original jurisdiction of all crimes, and appellate jurisdiction of crimes that are tried and determined before the police, district or municipal courts or before trial justices (R. L. c. 157, § 7), is not expressly excluded, and as the language of the statute is permissive and not exclusive, we are of opinion that it was not intended by the framers of the statute to limit proceedings to the courts therein named to the exclusion of the jurisdiction of the Superior Court, but that it was intended for the convenience of parties in cases within the statute to enlarge the territorial jurisdiction of those courts by giving them authority to institute prosecutions in the place where the mother of the child lives, regardless of the place where the act was committed. See *Commonwealth* v. *Haynes, supra; Commonwealth* v. *Gay, supra; Commonwealth* v. *McDonnell, supra.*

It follows that the Superior Court had jurisdiction to proceed by indictment.

*Motion overruled.*