PAUL DASCALAKIS *vs.* COMMONWEALTH.

Suffolk.    April 11, 1923. — April 16, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Homicide.    Practice, Criminal,* New trial.    *Statute,* Construction.    *Words,*
    "May."

A person convicted of the crime of homicide may be sentenced by the Superior
    Court within one year from the date of trial and conviction without contra-
    vening the provisions of St. 1922, c. 508.
The word "may" in St. 1922, c. 508, relative to the granting by the Superior
    Court of a new trial in criminal cases, is used in a permissive and not an
    imperative sense.

WRIT OF ERROR, issued on March 23, 1923, to the Chief Justice
of the Superior Court upon the petition of Paul Dascalákis, other-
wise known as Paul Pappas, filed in the Supreme Judicial Court
on March 23, 1923.

The error assigned is described in the opinion.    The Common-
wealth filed a plea *in nullo est erratum.*

The case was heard by *Braley,* J.    Material facts are described
in the opinion.    The justice ordered that the judgment stand;
and the plaintiff in error alleged exceptions.

*J. P. Williams, (J. H. Kenney & J. W. Schenck* with him,) for
the plaintiff in error.

*H. P. Fielding,* Assistant District Attorney, for the Common-
wealth.

RUGG, C.J.    This is a petition for a writ of error.    The plaintiff
in error was convicted of murder in the first degree in the Superior
Court for Suffolk County on June 15, 1922, and was sentenced
to death on January 16, 1923. ⸳The plaintiff in error assigns as
the single error that his sentence was illegal in that it was imposed
at an earlier time than one year from the date of trial and
conviction, contrary to St. 1922, c. 508.    The contention of the
plaintiff in error is that by virtue of this statute he is entitled as
of right to one full year at least for seeking out and discovering
new evidence upon which to base a motion for a new trial and
to present such motion to the court in which he was convicted.

The pertinent words of St. 1922, c. 508, amending G. L. c. 278, § 29, are "The Superior Court may, at the sitting in which an indictment is tried, or within one year thereafter, *or, in capital cases, within said year or at any time before sentence,* upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or if it appears to the court that justice has not been done, and upon such terms or conditions as the court shall order."

The effect of said c. 508 was simply to amend the pre-existing statute by inserting the words which are italicized in the quotation just made. The new statute enlarged the authority of the court theretofore conferred by extending to capital cases power to grant a new trial at any time before sentence in the event that sentence was not imposed within one year after the sitting at which the indictment was tried. A statute of the same force and effect and in the identical words in its essentials as was G. L. c. 278, § 29, before the amendment of 1922, has been a part of our law respecting certain courts exercising criminal jurisdiction including capital cases at least since Rev. Sts. c. 138, § 10. It was decided in *Commonwealth* v. *Green,* 17 Mass. 515, that this court by reason of its general jurisdiction and independently of any special authority conferred by statute had power to grant new trials even in capital cases. The matter, soon after that decision, was regulated in whole or in part by statute. The history of those statutes is traced in *Commonwealth* v. *Rollins,* 242 Mass. 427, and need not be repeated. Reading St. 1922, c. 508, in the light of that history makes plain the purpose of the Legislature to extend and not to restrict the pre-existing power of the court. It may well be that the act of 1922 was passed in view of the situation disclosed by the record in *Commonwealth* v. *Rollins,* 242 Mass. 427.

The contention of the plaintiff in error is that "may" in the statute is used in a mandatory sense and that there must therefore be a delay of a year before executing a sentence in order that the possibility of a motion for new trial may be given effect. That contention cannot be supported. The word "may" in statutes commonly is employed in a permissive and not an imperative sense. *Cheney* v. *Coughlin,* 201 Mass. 204, 211, 212. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 70. *Common-*

*wealth* v. *Mekelburg,* 235 Mass. 383. *Commonwealth* v. *Haynes,* 107 Mass. 194.

As a practical matter in the administration of the criminal law, it would be a great impairment of efficiency to delay for one year the execution of all sentences of persons convicted on indictment. Words of unmistakable import would be required to express any such legislative intent. The words of statutes are to be interpreted in accordance with the common and approved usages of the language. A statute as a whole is to be construed so as to make it an effectual piece of legislation in harmony with common sense and sound reason. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 374.

It has been the settled practice in the administration of the criminal law of this Commonwealth to impose sentence reasonably soon after the case is ripe for judgment. This practice has prevailed during the nearly one hundred years since the statute was the same in this particular as now. It has prevailed in capital cases. The statute was under consideration as to a capital case in *Commonwealth* v. *McElhaney,* 111 Mass. 439, although the present point was not raised. It there was said that in capital cases, of which this court then had exclusive jurisdiction, "sentence has always been passed within a very short time after the trial and conviction. . . . So long as that year has not elapsed, and the sentence has not been carried into execution, the court is authorized to entertain a petition for a new trial." That decision goes far toward settling the case at bar.

Every sound rule of statutory interpretation leads to the conclusion that there was no error in this record.

*Exceptions overruled. Judgment to stand.*