WILLIAM J. COCHRAN *vs.* HARRY M. SEGAL & others.

Middlesex.   December 10, 1929. — December 11, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Continuance for judgment.   *Trustee Process.   Words,* "May."

The determination of the question, whether a motion under G. L. c. 246, § 35, by a plaintiff in an action commenced by trustee process to have continued for judgment an earlier action, the plaintiff in which is the defendant in the later action, and the defendant in which is the

alleged trustee therein, rests in the sound judicial discretion of the judge who hears the motion; and, in the absence of an abuse of discretion, an exception to his action thereon must be overruled.

CONTRACT. Writ dated June 28, 1926.

In the Superior Court, the plaintiff having discontinued against two of the defendants as stated in the opinion, there was a verdict against Harry M. Segal in the sum of $1,341.66.

The circumstances in which Abraham Segal and Hyman J. Segal filed a motion under G. L. c. 246, § 35, are described in the opinion. The motion was heard by *T. J. Hammond,* J., and was denied. Abraham Segal and Hyman J. Segal alleged exceptions.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry, & J. J. Holtz,* for Abraham Segal and another.

*S. Markell,* for the plaintiff.

RUGG, C.J. This action of contract was brought against three defendants, Harry M. Segal, Abraham Segal and Hyman J. Segal. The plaintiff by consent of parties and approval of the court discontinued against the two defendants last named and the jury returned a verdict in his favor for a substantial sum against the defendant first named. Thereafter the two original defendants, against whom this action had been discontinued, as plaintiffs brought an action against the present plaintiff as defendant with an *ad damnum* in excess of the verdict in the present action, and summoned the remaining defendant in the present action and a bank as trustees. Thus they attached the goods, effects and credits of the plaintiff in the hands of the only remaining defendant in the present action. They then filed a motion that the present action be continued for judgment to await the outcome of their action begun by trustee process against the present plaintiff. The judge denied that motion as being within his discretion without assigning any other reason therefor. Exception to the denial of the motion brings the case here.

The motion was filed under G. L. c. 246, § 35, whereby it is provided so far as here material that "If, while an

action is pending, the defendant is summoned in another action as trustee of the plaintiff, the earlier action . . . shall not be delayed on account of the trustee process, unless the court continues it for judgment until the termination of the trustee process . . . . The court may, upon application of the plaintiff in the trustee process, so continue such pending action upon terms."

This statute authorizes a stranger, for a specified narrow purpose foreign to the interests of the parties, to interject himself into an action in order to protect his possible rights in another proceeding. Whether his appearance even for that narrow purpose shall be allowed to interrupt the natural progress of that action is by plain words vested in sound judicial discretion. The word "may" in the final sentence already quoted from the statute in its context clearly confers authorization and does not impose a mandate on the court to grant the application for continuance. The word "may" in a statute commonly imports permission and not command. The case at bar falls within the authority of numerous decisions. *Commonwealth* v. *Chance,* 174 Mass. 245, 247. *Cheney* v. *Coughlin,* 201 Mass. 204, 211–212 and cases there reviewed. *Dascalakis* v. *Commonwealth,* 244 Mass. 568. *Dowling* v. *Board of Assessors of Boston,* 268 Mass. 480, 488. There is nothing at variance with this in *Commonwealth* v. *Mekelburg,* 235 Mass. 383, and cases there collected. Whether the motion should be granted or denied rested in the sound discretion of the presiding judge. It is familiar law that no good exception lies to the exercise of sound judicial discretion. There is nothing in this record to indicate abuse of discretion. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 495–497.

*Exceptions overruled.*